■ MARGIE WHITEHEAD, Respondent, v STATE OF NEW YORK, DEPARTMENT OF MENTAL HYGIENE, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the Department of Mental Hygiene to reinstate petitioner to her position of mental hygiene therapist aide with back pay, the appeal is from a judgment of the Supreme Court, Suffolk County, entered May 2, 1978, which, *inter alia,* granted said relief and denied the appellants' motion to dismiss the petition. Appellants further appeal, as limited by their brief, from so much of an order of the same court, dated February 15, 1979, as, after denying petitioner's motion to vacate a statutory stay of enforcement of the judgment, entered May 2, 1978 pending an appeal therefrom, awarded petitioner $50 costs. Judgment reversed, on the law, without costs or disbursements, the appellants' motion is granted, and the proceeding is dismissed on the merits. Order affirmed insofar as appealed from, without costs or disbursements. Petitioner was employed as a permanent mental hygiene therapist aide with the appellant State of New York, Department of Mental Hygiene, since 1969 when she satisfactorily passed the usual probation. In June, 1977 petitioner was served with a notice of discipline in which she was charged with numerous instances of tardiness and absence from work during the preceding five months. Section 33.4i of the collective bargaining agreement between the employer and the employees' representative, the Civil Service Employees Association (CSEA), provided, *inter alia,* that "A grievance may be settled, at any stage of the disciplinary grievance procedure [and] [a]n employee executing such a settlement shall be offered a reasonable opportunity to have his attorney or a CSEA representative present before he executes such a settlement". Petitioner chose to exercise this right, and agreed, in writing, to accept six months' probation in settlement of the disciplinary proceeding against her. By her signature on the settlement form, petitioner acknowledged "that the required opportunity for representation was offered". Sooner than one month thereafter, petitioner misplaced the chart of a patient on whom

detailed observations were required, and which had been entrusted to her care. The exact manner in which the chart was misplaced and who was at fault is disputed. As a result of this incident, and after following usual procedures, the appellants terminated the petitioner's services "for failure to pass [her] probation." Petitioner would have us agree with her contention that the waiver of her permanent employment status through settlement of the disciplinary procedure was involuntarily and/or unknowingly made in contravention of her constitutional and contractual rights to a hearing before termination. We do not agree. The record adequately disproves petitioner's contention and the holding by Special Term that "an employee, with eight years of service, would not have signed such a stipulation if she knew what rights she was waiving". Petitioner had been subjected to and, presumably, had been aware of the ramifications of probationary status since her permanent position was achieved after successful completion of probation in 1969. Moreover, petitioner has not disputed having availed herself of the assistance of her CSEA representative. When the unfavorable aspects of probation are visited upon her, she should not be permitted to argue a lack of knowledge thereof during the time she chose probation for the benefit of settling a disciplinary proceeding against her. The question raised by petitioner is not novel and it is clear that by means of a settlement an employee who enjoys permanent status may, if voluntarily and knowingly done, waive statutory and contractual rights to a hearing before dismissal, where such waiver serves as the consideration for the curtailment of pending disciplinary proceedings. Such waiver does not contravene the public policy of this State (Matter of Abramovich v Board of Educ., 46 NY2d 450, mot for rearg den 46 NY2d 1076). Petitioner has failed to adduce any evidence indicating that her waiver was not voluntary and was not knowingly accomplished. Furthermore, absent proof to establish such a fact, it may not be assumed that an employee would refuse to waive rights if he or she were aware of the rights being waived. That the agreement executed by petitioner did not contain the specific statement that settlement of the disciplinary proceedings constituted a waiver of permanent status is an ineffective and unpersuasive argument. It would be difficult to reconcile an employee's awareness of the pitfalls of proceeding with a disciplinary action, on the one hand, with that employee's assertion that she was unaware that probation implied a loss of permanent status, especially when that employee achieved permanent status after a probationary period. We find no violation of petitioner's rights in her settlement of a disciplinary proceeding, and, therefore, no violation of her rights in the termination of her employment, without a hearing, on charges of incompetence. In their appeal from the award of costs to petitioner in the order dated February 15, 1979, the appellants neglected to consider CPLR 8106 which provides for an award of costs to "any party" upon a motion, in the discretion of the court. The appellants having failed to adduce any proof that Special Term abused its discretion, we find no reason to overturn the award of costs to petitioner. Titone, J. P., Suozzi, O'Connor and Shapiro, JJ., concur.