OPINION OF THE COURT
Jasen, J.
In this article 78 proceeding, we are asked to decide whether petitioner was unlawfully dismissed from his employment in violation of procedural due process and in violation of the terms of the collective bargaining agreement between the union and the Department of Correctional Services.
Petitioner, a correction officer employed by the New York State Department of Correctional Services (Department) assigned to the Bedford Hills Correctional Facility, was served with a notice of discipline dated January 23, 1979 in which it was proposed that he be dismissed from service for various acts of misconduct. In response, petitioner filed a grievance pursuant to article 8 of the collective bargaining agreement entered into between the State of New York and Security Unit Employees Council 82, the union which represents correction officers. Pending arbitration of the dispute, petitioner selected a union employee to represent him during settlement negotiations and, if necessary, at the arbitration hearing.
A settlement was proposed whereby petitioner would serve a 12-month disciplinary evaluation period during which his services could be terminated if unsatisfactory. In return, all charges against him would be withdrawn. The proposed settlement was explained to petitioner by his union representative and petitioner verbally agreed thereto. Afterwards, a confirming letter, dated April 12, 1979, was sent by the Department to the executive director of petitioner’s union. It is undisputed that petitioner neither received a copy of this letter nor signed a written agreement containing the terms of the settlement.
Petitioner continued in his employment until he was informed, by letter dated January 8, 1980, that he was being dismissed for unsatisfactory work performance. Since the dismissal was unappealable under the terms of the settlement, petitioner commenced this article 78 pro *494 ceeding seeking reinstatement to his former position as a correction officer with the New York State Department of Correctional Services.
Section 8.3 of the collective bargaining agreement provides that a disciplinary grievance settlement must be reduced to writing and that the subject employee be given an opportunity to consult an attorney or a union representative before executing it. It. is further required that the employee’s union representative be provided with a copy of the settlement at least one day before it is executed.*
It is the petitioner’s claim that his termination without administrative recourse was improper because he never agreed to the afore-mentioned settlement. He argues, in the alternative, that even if he verbally agreed to the settlement, such verbal consent is ineffective because section 8.3 of the collective bargaining agreement requires written consent. We find no merit to petitioner’s claims.
Preliminarily, we note that there is substantial evidence in the record to support the determination that petitioner had knowledge of the settlement agreement and that he verbally agreed thereto. Petitioner’s claim that he was denied procedural due process is, therefore, without merit.
With respect to petitioner’s alternative argument that section 8.3 of the collective bargaining agreement requires his written consent to the settlement, we do not believe that the agreement, as interpreted by both the Department and the union, imposes such a requirement. The agreement requires that the terms of the settlement be reduced to writing. There is no dispute that the Department’s letter to petitioner’s union, dated April 12, 1979, satisfied this requirement. In addition, the agreement requires that petitioner “be offered a reasonable opportunity to have his attorney or a Union representative present before he is *495 required to execute it.” This provision of the agreement merely requires that petitioner be afforded the right to “counsel” in any disciplinary settlement before the settlement reached is put into effect. Petitioner’s right to “counsel” was not abridged in any way as evidenced by the fact that it was petitioner’s union representative who explained the terms of the proposed settlement to him.
Moreover, the requirement that petitioner execute the agreement does not mandate that the settlement of the grievance against the petitioner be signed by him personally in order that it be binding upon him. Whatever the term “to execute” the settlement agreement means in another context, the record in this case clearly shows that under the collective bargaining agreement, the Department and the union had long taken the view and followed the practice of not requiring that settlements negotiated by the Department and the employee’s union representative be delivered in writing to the employee for his signature. Written confirmation of such a settlement when sent by the Department’s Bureau of Labor Relations to the union’s executive director has been mutually agreed to be sufficient compliance with section 8.3. Since the terms of the collective bargaining agreement, as interpreted and implemented by the Department and petitioner’s union, were complied with in all respects, petitioner cannot be heard to complain that he was unlawfully dismissed from his employment in violation of the terms of that agreement.
Accordingly, the judgment appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and the petition dismissed.
Chief Judge Cooke and Judges Jones, Wachtler, Meyer and Simons concur.
Judgment appealed from and order of the Appellate Division brought up for review reversed, etc.

 Section 8.3 provides, in full, as follows:
“8.3 Settlements
“A disciplinary grievance may be settled at any time following the service of a notice of discipline. The terms of the settlement shall be reduced to writing. An employee offered such a settlement shall be offered a reasonable opportunity to have his attorney or a Union representative present before he is required to execute it. The Union grievance representative at the appropriate level shall be provided with a copy of any settlement within 24 hours of its execution.”