■ In the Matter of RAYMOND F. CHASE, Appellant, v SUFFOLK COUNTY POLICE COMMISSIONER et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents dated January 7, 1985, dismissing the petitioner from his position as a police officer for a violation of his disciplinary probation, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated July 30, 1985, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

The petitioner commenced service as a police officer with the respondent Suffolk County Police Department in June 1969. On November 30, 1983, in settlement of certain pending disciplinary charges, the petitioner voluntarily agreed to be placed on probationary status for a period of one year with the penalty of dismissal to be imposed if he violated the probation "by being a further subject of a disciplinary action". Subsequently, during the probationary period, a supervisor's complaint report was made against the petitioner for reporting late for duty and falling asleep on two occasions while on duty on July 22, 1984. In August 1984, the petitioner voluntarily accepted the command discipline proposed for the violations of the department's rules and procedures, pleaded guilty to the charges and forfeited five days' accrued time. Thereafter, the respondent Suffolk County Police Commissioner dismissed the petitioner from service for violating his disciplinary probation pursuant to the November 30, 1983, settlement agreement, based upon the subsequent command discipline.

On this appeal, the petitioner claims that he did not understand that command discipline would constitute a violation of his disciplinary probation under the terms of the settlement agreement. However, there is substantial evidence in the record to support the respondents' determination that the petitioner knowingly and voluntarily agreed to the terms and

conditions of the settlement agreement (see, Matter of Miller v Coughlin, 59 NY2d 490, 494), and knew or should have known that command discipline would constitute a violation of probation. After having agreed to this settlement and admittedly violating the rules and procedures of the department, the petitioner cannot be heard to complain that he was unlawfully dismissed from his employment under the terms of the agreement. Lazer, J. P., Bracken, Kooper and Spatt, JJ., concur.