■ In the Matter of MELVIN BROTHERS, Respondent, v PILGRIM PSYCHIATRIC CENTER OF THE NEW YORK STATE OFFICE OF MENTAL HEALTH, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellant, dated June 26, 1984, which dismissed the petitioner from his position as a barber at Pilgrim Psychiatric Center, the appeal is from a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated December 18, 1985, which granted the petition to the extent that it annulled the determination, directed that the petitioner be reinstated, and remitted the matter to the appellant for a further hearing.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed on the merits.

In 1967, the petitioner was hired by the respondent as a barber, and thereafter attained permanent civil service status. In 1979, the petitioner was served with a "[n]otice of discipline" alleging misconduct and neglect of duty. In settlement of the disciplinary charges, the petitioner agreed, in writing, "to accept as a penalty a five year general probation which will commence with the signing of this document. During this probation [the petitioner] may be terminated for any acts of misconduct or incompetency without the protection of C.S.E.A. Contract or any other provisions of law".

In June 1984, prior to the expiration of the probationary period, the petitioner's employment was terminated. At the petitioner's request, one of the appellant's employees met with the petitioner to discuss his dismissal. Subsequently, by letter dated June 26, 1984, the termination was upheld.

On February 4, 1985, the petitioner's attorney wrote to the appellant demanding his reinstatement. By letter dated March 1, 1985, the appellant refused to reinstate the petitioner to his former position. The petitioner then commenced this CPLR article 78 proceeding on or about June 20, 1985.

The appellant cross-moved to dismiss the petition, inter alia, on the ground that it was barred by the four-month Statute of Limitations set forth in CPLR 217. Special Term ruled that the limitations period did not commence to run until the demand for reinstatement was refused, and it annulled the determination. We reverse.

"When an employee is not entitled to a hearing in connection with his discharge [from governmental employment] his remedy is by way of mandamus to review. (See, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book

7B, CPLR 7801:3, pp 30-31.) The present derivation of this ancient writ permits the employee to question whether his discharge was arbitrary, unreasonable or capricious. The limitations period for this proceeding runs from the date the determination sought to be reviewed becomes final and binding. Thus, the period runs from the notice of discharge, or the effective date of discharge, if later *(Matter of Wininger v Williamson,* 46 AD2d 689)" *(Matter of De Milio v Borghard,* 55 NY2d 216, 220).

As a probationary employee, the petitioner was not entitled to a hearing in connection with his discharge *(see, Matter of De Milio v Borghard, supra).* The fact that the petitioner had previously attained permanent civil service status is of no moment. This court has specifically held that "an employee who enjoys permanent status may, if voluntarily and knowingly done, waive statutory and contractual rights to a hearing before dismissal, where such waiver serves as the consideration for the curtailment of pending disciplinary proceedings" *(Whitehead v State of New York, Dept. of Mental Hygiene,* 71 AD2d 653, 654, *affd* 51 NY2d 781).

Therefore, the statutory period began to run when the petitioner was discharged from employment in June 1984, and this proceeding, instituted in June 1985, is untimely. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.