■ In the Matter of DEBORAH CLAYTON, Respondent, v JOHN H. DOMINGUEZ, as Director of the Hudson River Psychiatric Center, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent director of the Hudson River Psychiatric Center, dated August 21, 1985, which terminated the petitioner's employment as a licensed practical nurse, the appeal is from a judgment of the Supreme Court, Dutchess County (Hillery, J.), dated August 29, 1986, which granted the petition and directed the respondents to reinstate the petitioner with back pay, benefits and accruals retroactive to August 28, 1985, the date of termination.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed on its merits.

The petitioner was a licensed practical nurse at the Hudson

River Psychiatric Center, a facility operated by the New York State Department of Mental Hygiene. On November 20, 1984, a "Notice of Discipline" was served on the petitioner due to an "[u]nacceptable attendance pattern". On the same date, the petitioner entered into a stipulation to settle the disciplinary proceedings, which "settlement" agreement provided as follows:

"In full settlement of the Notice of Discipline Issued to Deborah Clayton, LPN, on November 20, 1984, all parties agree to the following:

"A three (3) month conditional probation, related specifically to Time and Attendance".

On August 28, 1985, following an extended sick leave, the petitioner was dismissed, during the probationary period, for not satisfying her probationary requirements. The petitioner then instituted this proceeding alleging that her termination was arbitrary and capricious. The Supreme Court agreed and ordered her reinstatement. We reverse.

The petitioner assumed a probationary status with regard to her time and attendance as a result of her settlement agreement (see, Whitehead v State of New York, Dept. of Mental Hygiene, 71 AD2d 653, affd 51 NY2d 781). Documentary evidence of the petitioner's performance during her probationary term supports the termination of her employment on the ground of unsatisfactory "time and attendance". There is substantial evidence in the record in support of the finding that the petitioner violated her agreed probationary terms involving her time and attendance on the job. In particular, we note that the probationary reports for December 20, 1984, January 20, 1985 and February 20, 1985 all indicate that her attendance and punctuality were unsatisfactory. Accordingly, the termination of her employment was not arbitrary or capricious.

Finally, the petitioner's contention that the prior determination of an Administrative Law Judge finding that the petitioner's performance did not amount to "misconduct" for purposes of unemployment insurance benefits eligibility collaterally estopped the appellants from challenging her petition for reinstatement, is without merit due to lack of issue identity (see, Ryan v New York Tel. Co., 62 NY2d 494, 501; Matter of Hulse [Levine], 41 NY2d 813, 814). Mangano, J. P., Brown, Lawrence and Spatt, JJ., concur.