■ WILLIAM MONTIEL, Respondent, v ROBERT KILEY, as Chairman of the Triborough Bridge and Tunnel Authority, et al., Appellants.—Judgment of the Supreme Court, New York County (Martin B. Stecher, J.), entered on or about March 21, 1988, which granted the petition pursuant to CPLR article 78 to the extent of remanding the matter for a hearing by respondent Triborough Bridge and Tunnel Authority, is unanimously reversed on the law, and the petition denied, without costs or disbursements.

Appeal from the order of the Supreme Court, New York County (Martin B. Stecher, J.), entered on May 27, 1988, which denied respondents' motion for leave to renew, is dismissed as moot, without costs or disbursements.

Petitioner-respondent herein was employed by respondent Triborough Bridge and Tunnel Authority on August 14, 1978. Prior to that time, he had served in the Police Department for some five years. On July 16, 1986, respondent brought charges of misconduct, incompetence, neglect of duty and violation of its rules and regulations against petitioner. The specifications alleged that on various dates, while petitioner was assigned as a bridge and tunnel officer at the Henry Hudson Bridge, he (1) assaulted a patron, (2) was discourteous to patrons, (3) refused to give his badge number to a patron who requested it, (4) left his assignment without permission, (5) refused to comply with three separate orders that he report to the Authority's doctor, (6) while absent on sick leave, he failed on two occasions to notify the facility before leaving and again when returning home, and (7) he forged his supervisor's signature on a report of nonrevenue vehicles. On or about September 7, 1986, petitioner, represented by counsel, participated at an informal conference related to the foregoing disciplinary charges. A settlement was arranged pursuant to which petitioner would be conditionally dismissed, such penalty to be held in abeyance for a year, during which time he would be on probation; in the event of any further violation by petitioner of the rules and regulations of the Triborough Bridge and Tunnel Authority, the latter would have the sole discretion to dismiss him without a hearing, but, if petitioner complied with the Authority's conditions, the penalty of dismissal would be abrogated. This settlement agreement was subsequently reduced to writing and signed by petitioner.

In a letter dated May 20, 1987, the Authority advised

petitioner that his services as a bridge and tunnel officer were being terminated because he had violated certain provisions of the manual of procedure and/or the rules and regulations in that on the specified dates he (1) had failed to maintain a supply of tokens for sale in his toll lane and was also discourteous to the patron who requested the tokens, (2) was discourteous to a patron, and (3) gave part of a dollar bill to a patron. The letter also referred to the settlement agreement which petitioner had executed, advising him that he had failed to comply with the requirement therein that he commit no further violations of the Authority's rules and regulations. The instant action pursuant to CPLR article 78 ensued. In granting the petition to the extent of remanding the matter for a hearing by respondent, the Triborough Bridge and Tunnel Authority, the Supreme Court concluded that:

"The petitioner is not a probationary employee in the usual sense entitling his employer to dismiss him at any time during the probationary term, provided that the dismissal was not for an improper reason. Rather, this is a man with 15 years of service who chose not to accept the right to a trial on the earlier charges but instead agreed to a term of probation 'during which you will be required to comply with the following: (a) that you incur no further violations of any of the rules and regulations promulgated by the Triborough Bridge and Tunnel Authority relating to your employment.' The remaining parts of the obligation of 'compliance' are completely beyond the control of the petitioner himself but give to the Authority the 'sole discretion as to the propriety of invoking the penalty of dismissal during the one year probationary period during which the penalty is being held in abeyance without necessity of affording you the right of a further hearing.'

"The discretion of the Authority is invoke the penalty of dismissal must be read together with the remainder of the agreement dated October 28, 1986, namely, that they have the right to invoke the penalty of dismissal for his past conduct if he does not live up to his obligations set forth in this agreement, namely that he 'incur no further violations' of the respondent's rules and regulations.

"When a substantial right, such as to remain employed after 15 years of service is at stake, such rights should not be determined on the simple basis of an accusation without hearing or proof. Where the petitioner denies, as he has here, that he has committed the infractions charged he has a right to be confronted by his accuser, the right to counsel, the right

to evidence in his own behalf and the right to a fair and impartial trial of that issue. He has been denied this under the interpretation by the respondent of the parties' agreement dated October 28, 1986."

The law is settled that public policy does not prohibit a tenured public employee such as petitioner herein from waiving procedural due process protections, including the right to a disciplinary hearing, where the waiver is "freely, knowingly and openly arrived at, without taint of coercion or duress" *(Matter of Abramovich v Board of Educ.,* 46 NY2d 450, 455, *cert denied* 444 US 845; *see also, Faillace v Port Auth.,* 130 AD2d 34, *lv denied* 70 NY2d 613; *Whitehead v State of New York. Dept. of Mental Hygiene,* 71 AD2d 653, *affd* 51 NY2d 781). As the Court of Appeals explained in *Matter of Abramovich v Board of Educ. (supra,* at 455), the waiver is valid particularly where it "serves as the quid pro quo for countervailing benefits, here the dismissal of the flood of charges for which the [employee] was already on trial, so that he might have what he apparently regarded as a better opportunity, albeit on mutually and carefully delineated terms, to retain his position".

Since the decision in *Matter of Abramovich v Board of Educ. (supra)* was issued, the Court of Appeals has repeatedly reaffirmed the holding of that case. Thus, in *Matter of American Broadcasting Cos. v Roberts* (61 NY2d 244, 249-250), the court stated that an employee may waive his right to procedural due process protections in those instances in which the waiver is predicated "upon the existence of a bona fide agreement by which the employee received a desired benefit in return for the waiver, the complete absence of duress, coercion or bad faith and the open and knowing nature of the waiver's execution". The Court of Appeals, in *Matter of Miller v Coughlin* (59 NY2d 490), approved a settlement agreement whereby petitioner would serve a 12-month disciplinary evaluation period during which his services could be terminated if unsatisfactory. In the arrangement involved therein, all pending charges against petitioner would, in return, have been withdrawn. The court determined that petitioner's subsequent dismissal without further proceedings was not improper, and he was not entitled to reinstatement.

There is no legally significant distinction between the situation in *Matter of Miller v Coughlin (supra)* and the one existing herein where petitioner knowingly and voluntarily consented to be placed on probation for a one-year period of time during which the Authority would have the "sole discre-

tion as to the propriety of invoking the penalty of dismissal" and, moreover, could take this action "without the necessity of affording me the right to a further hearing." Accordingly, it is clear that by executing the settlement agreement in question, petitioner, in exchange for having the disciplinary charges against him dropped, relinquished the right to appeal or otherwise challenge the decision of respondent to terminate him for any violations of its rules and regulations committed during the year's probation. Petitioner may not, therefore, now claim that he should be accorded a hearing on the issue of whether he is, in fact, guilty of the infractions for which he was terminated. Consequently, the Supreme Court disregarded established authority by granting the petition and directing an administrative hearing. The instant petition pursuant to CPLR article 78 should have been denied. Concur—Kupferman, J. P., Sullivan, Milonas and Ellerin, JJ.