In the Matter of SAUNDRA NEDD, Appellant, v RICHARD KOEHLER, as Correction Commissioner of the City of New York, et al., Respondents.—Judgment, Supreme Court, New York County (Jacqueline Silbermann, J.), entered December 7, 1988, which dismissed the petition in this CPLR article 78 proceeding as time barred pursuant to CPLR 217, is unanimously affirmed, without costs.

On January 20, 1988, petitioner, a suspended but tenured correction officer, appeared without legal counsel at a departmental disciplinary hearing in response to a number of charges and specifications, the most serious of which were an off-duty arrest for loitering and trespassing in a known drug use location, failure to report that arrest to her appropriate superiors, and a positive finding of her cocaine use following a urinalysis test ordered by the Correction Department after

learning of the arrest. It is not disputed that the departmental advocate advised petitioner of her right to an adjournment of the hearing to obtain counsel or, in the alternative, to consult with an attorney from her union present in the building. After declining these offers and signing a waiver of counsel, petitioner entered into a plea agreement disposing of all charges by her acceptance of the following penalties: a 58-day suspension, a return for one year to probationary status, and her voluntary submission during that year to 12 random urinalysis tests. Such agreements are enforceable, for "it is clear that by means of a settlement an employee who enjoys permanent status may, if voluntarily and knowingly done, waive statutory and contractual rights to a hearing before dismissal, where such waiver serves as the consideration for the curtailment of pending disciplinary proceedings." *(Whitehead v State of N. Y., Dept. of Mental Hygiene*, 71 AD2d 653, 654, *affd for reasons stated at App Div* 51 NY2d 781; *Matter of Miller v Coughlin*, 59 NY2d 490; *Matter of Shannon v State of N. Y. Dept. of Correctional Servs.*, 131 AD2d 915; *Matter of Brothers v Pilgrim Psychiatric Center*, 131 AD2d 756.)

On February 10, 1988, conceded by petitioner to be "pursuant to the Negotiated Plea Agreement", petitioner was ordered to take the first drug test, which resulted in a positive finding for cocaine. In view of petitioner's then-probationary status, the Department dismissed her without a hearing on April 26, 1988. She commenced this article 78 proceeding on August 18, 1988.

Despite the fact that this proceeding was commenced within four months of petitioner's formal discharge, IAS was correct in holding it untimely. Her challenge to the validity of the plea agreement is time barred, since her right to rescind that agreement on the ground of asserted duress accrued on January 20, 1988, the day she executed it *(Pacchiana v Pacchiana,* 94 AD2d 721, *appeal dismissed* 60 NY2d 586). The plea agreement is thus beyond challenge by her *(Matter of Pollack v Bahou,* 102 AD2d 286, *appeal dismissed* 63 NY2d 773).

Petitioner also asserts that the plea agreement was void for indefiniteness, inasmuch as it did not specify the commencement date of the one-year probationary period. This argument overlooks settled law to the effect that where time for performance is unstated in an agreement, "[t]he law supplies the missing term" and imposes what is reasonable *(Murray Co. v Lidgerwood Mfg. Co.,* 241 NY 455, 457; *see also, Matter of Rio Grande Transp.,* 770 F2d 262, 264; *Hall v People to People Health Found.,* 493 F2d 311, 313). Even if we accept, argu-

endo, petitioner's contention that she never received final notice of the Commissioner's approval of the plea agreement, she was nonetheless on notice that the one-year probationary period had commenced no later than February 10, 1988, when she submitted to the first random drug test pursuant to the agreement's terms. Her aggrievement, if any, fully accrued on this date, over six months prior to her commencement of this proceeding *(Matter of Edelman v Axelrod,* 111 AD2d 468). Concur—Kupferman, J. P., Asch, Kassal, Wallach and Rubin, JJ.