In the Matter of SHARON SIMPSON, Appellant, v CATHERINE M. ABATE, as Commissioner of Correction of the City of New York, et al., Respondents. [625 NYS2d 2] —Judgment, Supreme Court, New York County (Walter M. Schackman, J.), entered October 14, 1993, dismissing the petition brought pursuant to CPLR article 78 to annul respondents' determination terminating petitioner as a Correction Officer, unanimously affirmed, without costs.

Petitioner, a Correction Officer, had entered into a plea agreement with respondent in settlement of disciplinary charges which alleged her failure to comply with sick leave regulations, and, that she forged documentation to conceal these violations. The agreement, which petitioner entered into upon the advice of counsel, *inter alia,* extended her probationary period one year, from March 9, 1992 to March 9, 1993, and waived her rights to a hearing and appeal under Civil Service Law § 75. Petitioner, while on sick leave from a June 2, 1992 line of duty injury, again violated the Department's sick leave regulations and was summarily terminated on February 12, 1993, before the expiration of her extended probation.

Petitioner's claimed unawareness of the terms of the plea agreement is disingenuous in light of the fact that it was executed by her upon the advice of her attorney. Petitioner

has failed to otherwise demonstrate that the plea agreement, which served as consideration for curtailment of the pending disciplinary proceedings, was not voluntary or not knowingly accomplished *(Whitehead v State of N. Y., Dept. of Mental Hygiene,* 71 AD2d 653, 654, *affd* 51 NY2d 781), and thus, it constitutes a valid, enforceable contract *(see, Matter of Shannon v State of N. Y. Dept. of Correctional Servs.,* 131 AD2d 915, 916, *lv denied* 70 NY2d 607).

As a probationary employee, petitioner was not entitled to a hearing or a statement of reasons upon being terminated in the absence of any demonstration that her dismissal was for a constitutionally impermissible purpose or in violation of statutory or decisional law *(Matter of York v McGuire,* 63 NY2d 760). Petitioner's conclusory assertions that her termination was discriminatorily based are unsupported. Thus, petitioner has failed to meet her burden of showing that the respondent's determination to terminate her was made in bad faith *(Matter of Johnson v Katz,* 68 NY2d 649). In addition, we note that there was a demonstrably rational basis for petitioner's termination. Concur—Rosenberger, J. P., Ellerin, Wallach and Tom, JJ.