■ In the Matter of VERNALDO TANKARD, Respondent, v CATHERINE M. ABATE, as Commissioner of Correction of the City of New York, et al., Appellants. [624 NYS2d 161] —Judgment, Supreme Court, New York County (Martin B. Stecher, J.), entered November 24, 1993, which granted the petition contesting petitioner's termination as a correction officer, to the extent of directing an administrative hearing on a framed issue, unanimously modified, on the law, the remand vacated, the petition denied and this proceeding dismissed, without costs.

Since his appointment as a correction officer in 1982, petitioner accumulated an extensive record of lateness, absence

without leave ("AWOL") and sick leave, as well as other disciplinary problems. Over the next eleven years, petitioner received fifteen corrective interviews, was subject to disciplinary complaints twelve times, and was placed on disciplinary probation three times.

In 1991 petitioner was formally charged with violations of Department of Correction ("DOC") rules and regulations regarding attendance and lateness. In March 1992, with the advice of counsel, petitioner entered into a negotiated plea agreement, providing for twelve months probation for his AWOL, lateness and sick leave violations. On the same date, petitioner also signed a Probation Agreement Form in which he "waived [his] rights as a tenured employee for this probationary period and * * * subject[ed himself] to termination as any other probationary employee." The limited probation period commenced on April 21, 1992.

Petitioner was terminated in January 1993 for violation of the negotiated plea agreement. While the recommendation for termination did mention disciplinary problems he experienced in May 1992 and extensive sick leave taken from May to July of that year, the sole ground for this action was listed as petitioner's failure to appear for a scheduled appointment at the Health Management Division ("HMD") on August 5. The facts with respect to that dereliction are undisputed; there was no contested issue requiring resolution at a further administrative hearing. Petitioner, in his reply, conceded that he simply "forgot" the scheduled appointment. Earlier, in his petition, he claimed that he missed the scheduled appointment while in a state of grief, having just attended the funeral of a longtime friend and coworker who had been killed in a car accident, and also having just learned that another longtime coworker had been fatally shot. Instead of meeting the appointment, he absentmindedly went to his duty station and worked a full tour that day.

The applicable DOC directive requires a uniformed member of the correctional service to call HMD no later than one hour past the appointed time to effect rescheduling of a missed appointment. The fact that petitioner showed up for work that day is of no moment. This sick leave violation was for failure to meet the HMD appointment, not for failure to go to work.

The IAS Court further erred by noting that petitioner had made futile attempts to call the HMD sick desk that day, but the telephone lines were "busy for hours". Nowhere in any of the pleadings is such an excuse proffered with respect to the AWOL on August 5, 1992. Rather, the court was evidently

confused by a similar excuse offered in connection with an entirely unrelated incident—petitioner's failure to notify HMD of the time of his return home during a sick leave on December 17, 1992. Petitioner incorrectly alleged, in his reply, that the December incident was "the sole basis" for his termination at the administrative proceeding, but it appears that that failure was cited only in connection with the issue of petitioner's eligibility for unemployment benefits.

The issues presented are entirely those of law: (i) was petitioner's failure to notify HMD a breach of a DOC AWOL, lateness, or sick leave regulation, and (ii) was petitioner's appearance at work on the day of the appointment a completely curative action? There can be no doubt that petitioner's failure to notify HMD fell within the ambit of his plea agreement, and that breach provided the predicate for his discharge (Matter of Shannon v State of N. Y. Dept. of Correctional Servs., 131 AD2d 915, lv denied 70 NY2d 607; Matter of Miller v New York State Dept. of Correctional Servs., 126 AD2d 831, affd 69 NY2d 970). While the fact that petitioner reported to work is clearly in his favor, the evaluation of that mitigating factor is, on this record, entirely one for the agency, and beyond the scope of judicial review. Concur—Sullivan, J. P., Wallach, Kupferman and Ross, JJ.