■ In the Matter of JENNIFER A. WALLICK, Appellant, v LILLIAM BARRIOS-PAOLI, as Commissioner of Housing Preservation and Development of the City of New York, et al., Respondents. [670 NYS2d 473] —Order and judgment (one paper), Supreme Court, New York County (Lewis Friedman, J.), entered January 27, 1997, denying the petition and dismissing the proceeding brought pursuant to CPLR article 78 to annul respondents' determination terminating petitioner from her employment at the City of New York Department of Housing Preservation and Development, unanimously affirmed, without costs.

Petitioner's assertions that she was impermissibly terminated from her employment by reason of her disability are wholly unsupported, and are particularly undermined by the circumstance that she was promoted and accommodated with a transfer she requested subsequent to the onset of her disability (see, Matter of Simpson v Abate, 213 AD2d 190, 191).

Nor was petitioner terminated solely by reason of her first

arrest, which would not have been proper since that arrest did not result in prosecution (*see*, Executive Law § 296 [16]). Petitioner's termination was rather premised upon and justified by the disruptiveness to the workplace of petitioner's repeated arrests at the office and petitioner's activities in contravention of several provisions of the New York City Code of Conduct.

Finally, since there is no evidence in the record that respondents publicly disseminated stigmatizing statements regarding petitioner's termination, she is not entitled to a name-clearing hearing (*see, Matter of Lentlie v Egan*, 61 NY2d 874, 875). Concur—Sullivan, J. P., Rosenberger, Nardelli, Rubin and Saxe, JJ.