■ In the Matter of the Arbitration between JACQUES PATRY, Appellant, and VILLAGE OF TUPPER LAKE et al., Respondents.

[691 NYS2d 611] —Mercure, J. Appeal from an order and judgment of the Supreme Court (Lahtinen, J.), entered March 24, 1998 in Franklin County, which, in an application pursuant to CPLR 7510 to confirm an Arbitrators' award and a proceeding pursuant to CPLR article 78 to compel respondents to reinstate petitioner to his former employment with respondent Village of Tupper Lake, dismissed the petition.

On September 10, 1996, respondent Board of Trustees of the Village of Tupper Lake (hereinafter the Board) discharged petitioner from his employment as a heavy equipment operator because he tested positive for marihuana during a random urine test for drugs. Petitioner submitted a grievance letter to the Board stating that he "did not knowingly report to work under the influence of a drug" and requested that he be reinstated with retroactive pay and benefits. The Board taking no action thereon, petitioner's collective bargaining representative, the Civil Service Employees Association, Inc. (hereinafter CSEA), advised the Board that it was dissatisfied with petitioner's termination and demanded arbitration of the controversy pursuant to the labor contract between the Village and CSEA. The Board of Arbitrators thereafter conducted a hearing and, by decision dated September 25, 1997, determined that petitioner's discharge was "without proper reason". The decision was silent, however, on the issue of the appropriate remedial action to be taken.

Petitioner thereafter commenced this proceeding on January 5, 1998 seeking an order confirming the Arbitrators' award pursuant to CPLR 7510 and a judgment pursuant to CPLR article 78 reinstating him to his prior position with retroactive pay and benefits. Supreme Court dismissed the petition upon the grounds that, because the Arbitrators did not direct that petitioner be reinstated to his former position or awarded back pay and the labor contract did not grant them the authority to do so, there was no "award" to confirm and respondents did not fail to perform a duty enjoined upon them in refusing to implement the Arbitrators' "decision". Petitioner appeals.

The primary controversy in this proceeding centers on paragraph 7.09 of the labor contract, which reads as follows: *"No Board of Arbitrators shall have power or jurisdiction to modify the Board of Trustees' action. The Board of Arbitrators shall either find that the Board of Trustee's action was not without proper reason in which event the suspension, demotion or discharge shall be sustained in full; or that the suspension, demotion or discharge was without proper reason"* (emphasis supplied). Both Supreme Court and respondents are

of the opinion that the emphasized language precluded the Arbitrators (and the courts on judicial review) from restoring petitioner to his prior employment based upon the Arbitrators' conclusion that his discharge was without proper reason. We disagree. Taken in context and giving due consideration to the previous six paragraphs of the labor contract, which establish a hierarchy of penalties that may be imposed under varying circumstances, we construe the subject language as merely precluding the Arbitrators' modification of a penalty, e.g., reduction of a penalty of discharge to one of suspension, that has been permissibly imposed by the Board. The construction urged by respondents leads to an irreconcilable and absurd result, with the Arbitrators granted the authority to declare that a grievant had been wrongfully suspended, demoted or discharged but denied the power to annul the impermissible penalty (*see*, McKinney's Cons Laws of NY, Book 1, Statutes § 145).

We therefore conclude that, having found petitioner's discharge to have been without proper reason, the Arbitrators were authorized to annul the discharge and restore petitioner to his employment. We have no idea why the Arbitrators did not do that. Although clearly recognizing their authority to interpret the labor contract, they rendered no construction of paragraph 7.09 of the labor contract and apparently did not feel constrained by its terms. In any event, the fact that the Arbitrators failed to make a complete award does not mean that we cannot or should not recognize and confirm the award that they did make. Significantly, respondents do not contest the Arbitrators' finding that petitioner's discharge was without proper reason or provide any legal basis for vacating or modifying the Arbitrators' award (*see*, CPLR 7511). Accordingly, we conclude that Supreme Court erred in refusing to confirm the arbitration award (*see*, CPLR 7510; *Mobil Oil Indonesia v Asamera Oil [Indonesia]*, 43 NY2d 276, 281).

Finally, addressing petitioner's CPLR article 78 proceeding, we first reject the contention that the proceeding was not timely commenced. Because the labor contract provided for mandatory arbitration of petitioner's grievance, the four-month limitations period of CPLR 217 (1) did not begin to run until the Board refused to comply with petitioner's demand for reinstatement following the Arbitrators' award (*compare*, *Roufaiel v Ithaca Coll.*, 241 AD2d 865, 867-868). On the merits, given our construction of paragraph 7.09 of the labor contract and the Arbitrators' determination that petitioner's discharge was without proper reason, we conclude that the Board was

required to retroactively restore petitioner to his employment, "less any amounts he received from employment or unemployment insurance benefits" (*Matter of Diehsner v Schenectady City School Dist.*, 152 AD2d 796, 799), and that petitioner is entitled to judgment therefor.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order and judgment is reversed, on the law, with costs, and petition granted, arbitration award confirmed and respondents are directed to retroactively restore petitioner to his prior position in accordance with this Court's decision.