In the Matter of Timothy Mawn, Appellant, v County of Suffolk et al., Respondents. [792 NYS2d 341]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Sheriff of the County of Suffolk, dated November 21, 2002, terminating the petitioner's employment as a Deputy Sheriff, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Loughlin, J.), dated May 17, 2004, which granted the respondents' motion to dismiss the proceeding as time-barred, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner (*see* CPLR 217; *cf. New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 165 [1991]). Where, as here, an employee is not entitled to a hearing in connection with the termination of his employment, the determination to terminate his employment becomes final and binding on the date the termination becomes effective (*see Matter of Armstrong v Centerville Fire Co.*, 83 NY2d 937, 939 [1994]; *Matter of Levine v Board of Educ. of City of N.Y.*, 272 AD2d 328 [2000]). Contrary to the petitioner's contention, since he entered into a disciplinary stipulation waiving his right to pursue the protections available under his collective bargaining agreement (*see Matter of Nedd v Koehler*, 159 AD2d 344, 345 [1990]; *Matter of Brothers v Pilgrim Psychiatric Ctr. of N.Y. State Off. of Mental Health*, 131 AD2d 756, 757 [1987]), his subsequent invocation of an administrative remedy did not toll the statute of limitations (*cf. Matter of Patry [Village of Tupper Lake]*, 262 AD2d 757, 759 [1999]; *Matter of Levine v Board of Educ. of City of N.Y.*, 173 AD2d 619, 621 [1991]).

Accordingly, the Supreme Court correctly determined that this proceeding was barred by the statute of limitations. Schmidt, J.P., Krausman, Crane and Fisher, JJ., concur.