■ In the Matter of DANIEL DWYER, Appellant, v COUNTY OF SUFFOLK, SHERIFF'S DEPARTMENT, Respondent. [816 NYS2d 151]—

In a proceeding pursuant to CPLR article 78 to review a determination of the County of Suffolk, Sheriff's Department, dated September 24, 2003, which found the petitioner guilty of violating a stipulation dated October 16, 2002, settling certain disciplinary charges and automatically suspending him for a period of 50 days, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Burke, J.), entered August 24, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is employed by the respondent County of Suffolk, Sheriff's Department, as a Corrections Officer I. On October 16, 2002, the parties entered into a stipulation settling a disciplinary proceeding filed against him. Pursuant to the stipulation, the petitioner admitted to violating the provisions of the parties' collective bargaining agreement related to sick time, and was suspended for 60 days. 50 days of the suspension

were "held in abeyance" during a one-year period of "disciplinary probation" while he remained on the respondent's "Medical Evaluation Unit monitor list." If no additional violations occurred during the probationary period, the remaining suspension was to be waived. Alternatively, in the event of a further violation, the 50-day suspension would be automatically imposed.

On or about September 24, 2003, after an investigation, the respondent concluded that the petitioner had committed additional violations and, in accordance with the stipulation, suspended him for an additional 50 days. The petitioner then commenced this proceeding to review the determination. By entering into a disciplinary stipulation, the petitioner waived his right to pursue the protections available under the collective bargaining agreement (see Matter of Mawn v County of Suffolk, 17 AD3d 467, 468 [2005]; Matter of Tankard v Abate, 213 AD2d 320, 321 [1995]; Matter of Brothers v Pilgrim Psychiatric Ctr. of N.Y. State Off. of Mental Health, 131 AD2d 756, 757 [1987]).

Contrary to the petitioner's contention, the record supports the respondent's conclusion that the petitioner violated the terms of the disciplinary stipulation by, inter alia, utilizing an excess number of personal days and failing to submit documentation to the medical evaluation unit in order to substantiate his use of sick time (see Walsh v New York State Thruway Auth., 24 AD3d 755, 757 [2005]; Matter of Davis v New York State Div. of Military & Nav. Affairs, 291 AD2d 778, 779 [2002]). Accordingly, the Supreme Court correctly concluded that the determination to impose the remaining 50-day suspension had a rational basis and was not arbitrary and capricious (see Matter of Lyons v Whitehead, 2 AD3d 638, 639 [2003]).

The petitioner's remaining contentions are without merit. Florio, J.P., Adams, Santucci and Lunn, JJ., concur.