Judgment, Supreme Court, New York County (Debra A. James, J.), entered May 4, 2007, granting the petition, vacating respondent’s determination to terminate petitioner’s employment, and remanding the matter to respondent for a hearing, unanimously reversed, on the law, without costs, the petition denied, the determination reinstated and confirmed, and the proceeding dismissed.
It is uncontested that petitioner’s limited probationary agreement encompassed her conduct in relation to “rules, regulations, directives, operation orders, policies and institutional orders concerning: AWOLs, time and leave, sign in/out procedures, being on post and efficient performance.” Furthermore, *291 petitioner was terminated, inter alia, for her repeated failure to submit statistical reports required by the rules and regulations of respondent Department of Correction, an allegation that petitioner conceded. Matter of Tankard v Abate (159 Mise 2d 339 [1993], mod on other grounds 213 AD2d 320 [1995], Iv denied 86 NY2d 702 [1995]), relied on by the court below, does not require a hearing in such circumstances.
Petitioner failed to put forth evidence that her termination pursuant to a limited probationary agreement was in bad faith or for illegal reasons (Matter of Santiago v Horn, 37 AD3d 307 [2007]). At best, petitioner merely raised factual disputes that do not entitle her to a hearing. Concur — Lippman, EJ., Sweeny, Catterson, Acosta and Renwick, JJ. [See 2007 NY Slip Op 30938(U).]