SUMMARY ORDER
Plaintiff Claude W. Thomas appeals from a July 24, 2007 memorandum opinion and order of the United States District *756 Court for the Eastern District of New York, granting summary judgment to the then-remaining defendants, the City of New York (the “City”) and Dr. Kelly on all claims. Thomas also appeals from the dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), of his claims against defendants Bendiner and Schlesinger, Quest Diagnostics, and Laboratory Corporation (the “laboratory defendants”), by memorandum and order dated November 18, 2004. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Central to this appeal is a Stipulation and Agreement dated July 21, 1999 (“the Stipulation”) entered into between Thomas and the City permitting his continued employment as a firefighter despite a positive drug-test result. With but a few exceptions, Thomas’s claims in this lawsuit are barred by the terms of the Stipulation. The appeal therefore largely turns on the Stipulation’s validity and enforceability.
Thomas, an African-American, asserts that the Stipulation is invalid because it was entered into in violation of 42 U.S.C. § 1983. Similarly-situated firefighters of European descent in similar circumstances, he alleges, were not required to enter into similar agreements. We need not address the issue of whether such discrimination, if proved, would render the Stipulation invalid. Thomas has not proffered evidence sufficient to permit a reasonable juror to conclude that the City discriminated against him because of his race by requiring that Thomas enter into the Stipulation.
The Stipulation provides that “the finding of the presence of alcohol, marijuana or any other controlled substance in [Thomas’s] blood or urine will be deemed to be a violation of this agreement.” It later provides that “in the event of any violation of this agreement ... [Thomas] will be terminated without a hearing of any kind.” Thomas argues that he did not ingest drugs and that the presence of morphine in his system had some different cause, and that he therefore did not violate the Stipulation. But he has presented no legal authority for the proposition that the City of New York was required to consider, let alone agree with, this argument, raised for the first time years after Thomas was dismissed from his job. These arguments regarding the propriety of the testing and handling of his urine specimens were precisely the types of claims Thomas agreed not to make when he signed the Stipulation. See Montiel v. Kiley, 147 A.D.2d 402, 538 N.Y.S.2d 2 (App. Div.1989).
Two of Thomas’s claims, those based on alleged actions of Captain Blume on November 15, 1999, and December 17, 1999, which are brought under Title VII and allege a hostile work environment and retaliation, are not barred by the Stipulation. The district court nonetheless correctly granted summaiy judgment to the City on these claims.
To prevail on such a hostile work environment claim, a plaintiff must show conduct that is “severe and pervasive enough to create an environment that would reasonably be perceived, and is perceived, as hostile or abusive.” Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir.1997) (internal quotation marks omitted). “For racist comments, slurs, and jokes to constitute a hostile work environment, there must be more than a few isolated incidents of racial enmity.” Id. (internal quotation marks omitted). The district court did not err in concluding that no reasonable juror could infer that these two incidents were severe or pervasive enough to create a hostile work environment.
*757 The court also did not err in granting summary judgment on the retaliation claim. The two incidents involving Captain Blume occurred before the plaintiff filed the EEOC claim that allegedly triggered the retaliation. They could not, therefore, have been in retaliation for the claim. And to the extent that the retaliation claim was based on other events that are referenced in the complaint, it is barred by the Stipulation.
In its opinion of November 18, 2004, the district court properly dismissed all claims against the laboratory defendants under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. No facts alleged by Thomas could give rise to a permissible inference of misconduct or discrimination by any of the laboratory defendants. And the district court correctly dismissed the plaintiffs claims brought pursuant to 42 U.S.C. § 1985 inasmuch as his allegations were entirely conclusory.
For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.