Matter of Martinez v City of New York (2022 NY Slip Op 04096)

Matter of Martinez v City of New York

2022 NY Slip Op 04096

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Renwick, J.P., Kern, Kennedy, Mendez, Higgitt, JJ. 

Index No. 154634/20 Appeal No. 16180 Case No. 2021-01665 

[*1]In the Matter of Jermell Martinez, Petitioner-Appellant,
v
City of New York et al., Respondents-Respondents.

Law Office of Caner Demirayak, P.C., Brooklyn (Caner Demirayak of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for respondents.

Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about April 6, 2021, denying the petition to vacate a determination by respondent New York City Administration for Children's Services (ACS), dated December 3, 2019, which terminated petitioner's employment, and granting respondents' cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner failed to show by competent proof that ACS terminated his employment in bad faith, or for an improper or impermissible reason (see Matter of Che Lin Tsao v Kelly, 28 AD3d 320, 321 [1st Dept 2006]; see also Matter of Patterson v City of New York, 173 AD3d 540, 541 [1st Dept 2019], lv denied 35 NY3d 906 [2020]). Petitioner's unauthorized absences from November 13, 2019 to the date of his termination, along with his failure to follow ACS sick leave policy, served as a good-faith basis for firing him (see e.g. Morgan v Kerik, 267 AD2d 8, 9 [1st Dept 1995]; Simpson v Abate, 213 AD2d 190, 191 [1st Dept 1994]).
The petition also fails to adequately allege that ACS violated the Family Medical Leave Act, as petitioner did not assert that he had worked for ACS for 12 months or 1,250 hours, and thus failed to demonstrate that he was an eligible employee under 29 USC § 2611(2)(A)(ii) (see Donahue v Asia TV USA Ltd., 208 F Supp 3d 505, 512 [SD NY 2016]). Indeed, petitioner admits that he was employed by ACS for only seven months, and he failed to preserve for review his contention that ACS and his previous employer, the Department of Education, constituted a "single employer" (see Green v New York City Police Dept., 34 AD3d 262, 263 [1st Dept 2006]).
Petitioner has failed to set forth a claim under the New York City Human Rights Law (Administrative Code of City of NY § 8-107), as the petition does not plead any facts supporting an inference of discrimination based on petitioner's status as a caregiver (see e.g. Whitfield-Ortiz v Department of Educ. of the City of N.Y., 116 AD3d 580, 581 [1st Dept 2014]; Askin v Department of Educ. of City of N.Y., 110 AD3d 621, 622 [1st Dept 2013]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022