| |
|---|
| **Matter of Lanni v City of New York** |
| 2025 NY Slip Op 31714(U) |
| May 12, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150432/2024 |
| Judge: Nicholas W. Moyne |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. NICHOLAS W. MOYNE** | **PART** 41M |
| | *Justice* | |

--------------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF ANTHONY
LANNI, FOR A JUDGMENT PURSUANT TO ARTICLE 78
OF THE CIVIL PRACTICE LAW AND RULES,

Petitioner,

- v -

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF CORRECTION

Respondent.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 150432/2024 |
| **MOTION DATE** | 01/17/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 38, 39, 40, 51, 52, 53, 54, 55, 56, 57, 59

were read on this motion to/for _____ATTORNEY - ASSIGN_____.

Upon the foregoing documents, it is

Petitioner, Anthony Lanni, commenced this Article 78 proceeding challenging his termination from employment as a correction officer with the New York City Department of Corrections ("DOC"). Having reviewed the submissions of the parties and heard oral arguments, this Court finds in favor of Petitioner and grants the relief requested.

Petitioner was employed as a correction officer from June 19, 2017 until his termination on September 29, 2023. On March 6, 2023, Petitioner and DOC entered into a Negotiated Plea Agreement and a Probation Agreement (collectively, "the Settlement Agreement"), wherein Petitioner agreed to serve a one-year limited probationary period, during which he could only be terminated for violations of time and leave rules, regulations, directives, and laws occurring after March 6, 2023.

The terms of the Settlement Agreement explicitly limited DOC's ability to terminate Petitioner to violations of time and leave policies occurring after March 6, 2023. Therefore, DOC's assertion that Petitioner was subject to termination "for any reason or no reason" is unfounded. The Court finds that Petitioner's probation was restricted to the terms explicitly set forth in the Settlement Agreement, which did not constitute a full probationary period but rather a "limited probation" applicable solely to time and leave violations.  DOC"s answer entirely glosses over the fact that it expressly agreed, in a binding contract of employment to limit its right to terminate the petitioner during his limited probationary period, to violations of DOC's "time and leave rules, regulations, directives and laws."  As set forth below, the Court finds that DOC

150432/2024   IN THE MATTER OF THE APPLICATION OF ANTHONY LANNI, FOR A JUDGMENT
PURSUANT TO ARTICLE 78 OF THE CIVIL PRACTICE LAW AND RULES vs. THE CITY OF NEW
YORK ET AL
Motion No.  001

Page 1 of 4

1 of 4

[* 1]

improperly terminated the petitioner in spite of the fact that he did not incur any "time and leave violations" and therefore its termination of the petitioner was arbitrary and capricious.

The Court finds that Petitioner's alleged sick leave violations did not meet the termination criteria under DOC's own Sick Leave Directive 2258R-B. The directive requires a minimum of 15 occurrences or 40 workdays of sick leave for termination. Petitioner's sick leave record reflects 12 occurrences totaling 22 sick days, (Verified Answer ¶ 66) which is below the termination threshold. As such, DOC lacked a valid basis to terminate Petitioner on this ground and its termination of the petitioner was a clear breach of the Settlement Agreement. Put differently, DOC breached the Settlement Agreement by basing the petitioner's termination on an amount of sick leave that it concedes was below the criteria that DOC was obligated to apply pursuant to the express terms of the Settlement Agreement.

DOC also claimed that Petitioner incurred 34 AWOL violations due to unapproved Personal Emergency Leave requests based on Petitioner's failure to submit his Personal Emergency documentation upon his return to duty. (Verified Answer ¶ 67-68). However, Petitioner provided uncontroverted documentation showing that he submitted the required paperwork for each request. DOC failed to present any affidavit or evidence rebutting Petitioner's timely submission of documentation.[1]

Moreover, DOC's own leave records classify these requests as "approved final," contradicting its claim of denial (NYSCEF Doc #8). These records also confirm that Petitioner was paid for the disputed days, aligning with the Operations Order, which allows Personal Emergency Leave to be deducted from personal days, compensatory time, or vacation days. Since DOC did not dispute that Petitioner was paid for these days or provide any alternative interpretation of "approved final," the Court finds that his leave requests were granted. Accordingly, DOC's classification of these days as AWOL pursuant to Operations Order 12-00 was arbitrary and capricious. DOC has failed to submit any affidavits that would resolve the contradictions in its own paperwork or to defend its claims that the petitioner did not provide adequate documentation.

The Court further finds that DOC improperly relied on pre-March 6, 2023, absences as grounds for termination, in direct violation of the Settlement Agreement. The Settlement Agreement explicitly provides that "any misconduct committed prior to the date of acceptance of this negotiated plea shall not affect my probation." This provision expressly forbids DOC from considering any misconduct, including time and

---

[1] Petitioner produced a copy of the documentation that he provided to DOC on returning to work, which substantiated each of his Personal Emergency leave requests. Further, Petitioner demonstrated that DOC paid him, either through annual leave, compensatory time or a combination of both for 29 of the 34 days in question. Since pay is docked for AWOL violations, none of these paid days can be characterized as AWOLs. The five unpaid days were marked "LWOP" or Leave Without Pay, - - not AWOL and likewise are not "time and leave violations." In addition, DOC's "Leave Request Report" demonstrates that DOC marked all the days in question as "Approved Final" – not AWOL. Petition Exhibit 6. Finally, Petitioner affirmatively stated that DOC never notified him that it denied any PE leave request, and he first learned of this claim in response to his FOIL request.

leave violations, which predated March 6, 2023 in assessing the petitioner's conduct during his one-year limited probationary period. Nevertheless, DOC's Personnel Determination Report (PDR) included 124 sick days that predated the Settlement Agreement in its reasoning for termination. DOC presented no evidence rebutting this assertion, and its reliance on pre-Settlement absences constitutes a clear breach of the Settlement Agreement and was arbitrary and capricious.

In New York, an employer's right to terminate an employee at will can be expressly limited by the terms of an employment contract or negotiated agreement. A negotiated agreement for a limited probation that curtails the employer's right to discipline or terminate an employee is an enforceable contract and is governed by the same rules that govern ordinary contract interpretation (*see Matter of Bradford v NY City Dept. of Corr.*, 56 AD3d 290, 290 [1st Dept 2008]; *Tankard v Abate*, 213 AD2d 320 [1st Dept 1995]; *Simpson v Abate*, 213 AD2d 190 [1st Dept 1995]; *Need v Koehler*, 159 AD2d 344 [1st Dept 1990]). A terminated employee may seek Article 78 review to determine whether the employer acted in contravention of an express agreement limiting the employer's right to discharge (*see Hanchard v Facilities Dev. Corp.*, 85 NY2d 638, 640 [1985]).

Here, Petitioner and DOC entered into a Settlement Agreement, an enforceable contract, which carved out a limited right for DOC to summarily terminate Petitioner during his one-year limited probation only for "time and leave" violations of DOC rules, regulations, directives, and laws only. For any other misconduct, Petitioner retained his tenure rights under Civil Service law Section 75. The court must give effect to this express limitation in the Settlement Agreement and reverse Petitioner's termination because Petitioner did not violate sick leave or AWOL rules and DOC's claim to the contrary is unsubstantiated.

Based on the foregoing, the Court finds that DOC's termination of Petitioner was in violation of the terms of the Settlement Agreement and, therefore, arbitrary, capricious, and made in bad faith.

150432/2024   IN THE MATTER OF THE APPLICATION OF ANTHONY LANNI, FOR A JUDGMENT       Page 3 of 4
PURSUANT TO ARTICLE 78 OF THE CIVIL PRACTICE LAW AND RULES vs. THE CITY OF NEW
YORK ET AL
Motion No.  001

[* 3]                                                        3 of 4

Accordingly, it is hereby ORDERED that:

1. The Petition is GRANTED in its entirety;
2. The termination of Petitioner, Anthony Lanni, is hereby VACATED;
3. Respondent, New York City Department of Corrections, is directed to REINSTATE Petitioner to his prior position forthwith;
4. Petitioner is awarded FULL BACK PAY with interest at the statutory rate;
5. Petitioner shall receive all back benefits to which he was entitled.

This constitutes the Decision and Order of the Court.

| **5/12/2025** | **NICHOLAS W. MOYNE, J.S.C.** |
| --- | --- |
| **DATE** | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**150432/2024   IN THE MATTER OF THE APPLICATION OF ANTHONY LANNI, FOR A JUDGMENT**          **Page 4 of 4**
**PURSUANT TO ARTICLE 78 OF THE CIVIL PRACTICE LAW AND RULES vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**