In the Matter of STEVE MILLER, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents.—Levine, J. Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered November 19, 1985 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to state a cause of action.

Petitioner, formerly a correction officer employed by respondent New York State Department of Correctional Services (Department), was served with a notice of discipline and dismissal from service as a result of his excessive unauthorized absenteeism. The parties' collective bargaining agreement provided for a grievance procedure, exclusive of Civil Service Law §§ 75 and 76, whereby petitioner and a union representative or attorney could object to the disciplinary sanction through a series of hearings culminating in binding arbitration, or enter into a settlement of the grievance at any point during such proceedings. Petitioner entered into a settlement, agreeing thereby that he would be placed on a 12-month disciplinary evaluation period and assessed a monetary penalty in full satisfaction of the notice of discipline and dismissal. Pursuant to the terms of the settlement, petitioner could be "terminated without further appeal if the Department determine[d] his attendance to be unsatisfactory".

Subsequently, some four months later, petitioner was notified that he was terminated due to his continued unsatisfactory attendance and submission of fraudulent medical certifications. He thereupon commenced the instant CPLR article 78 proceeding seeking review of the dismissal. On respondents' motion, Special Term dismissed the petition for failure to state a cause of action. For the reasons which follow, we affirm.

By the terms of the settlement agreement, petitioner was given an opportunity to continue in his employment as a correction officer and avoid the risk of dismissal inherent in continuing the grievance hearing procedures under the collective bargaining agreement. However, in return, he became subject to nonreviewable termination during the pendency of the disciplinary evaluation period if respondents determined that his attendance remained unsatisfactory. As a result, petitioner waived any right he may have had, at least in the absence of actual bad faith, under either the collective bargaining agreement or Civil Service Law §§ 75 and 76, to review the decision to terminate him (see, Matter of Abramovich v Board of Educ., 46 NY2d 450, cert denied 444 US 845;

*see also, Abrams v Board of Educ.,* 91 AD2d 618, 620). Petitioner has not alleged, nor does the record reveal, that he did not knowingly and voluntarily enter into the stipulation of settlement *(see, Matter of Abramovich v Board of Educ., supra).* He was afforded union representation throughout the negotiations and he and his union representative signed the stipulation agreement. Accordingly, Special Term's judgment should be affirmed.

Judgment affirmed, without costs. Kane, Weiss and Levine, JJ., concur.

Mahoney, P. J., and Casey, J., dissent and vote to reverse in a memorandum by Casey, J. Casey, J. (dissenting). Although petitioner's knowing and voluntary acceptance of the terms of the settlement agreement resulted in an express waiver of his right to pursue an administrative appeal under either the Civil Service Law or the collective bargaining agreement *(see, Matter of Abramovich v Board of Educ.,* 46 NY2d 450, *cert denied* 444 US 845), we disagree with the majority's conclusion that the petition fails to state a claim. Petitioner's employment was terminated pursuant to an administrative determination that his attendance subsequent to the settlement agreement was unsatisfactory and, as noted above, this determination was not subject to further administrative appeal. A final administrative determination is ordinarily subject to judicial review (CPLR art 78), and there is nothing in the settlement agreement to establish that petitioner knowingly and voluntarily relinquished the right to pursue this remedy. The petition alleges that respondents' determination is arbitrary and capricious, with factual allegations to support this claim,* thereby raising an issue appropriate to an article 78 proceeding (CPLR 7803 [3]; *see, Matter of Lancto v Saranac Lake Cent. School Dist.,* 102 AD2d 913). The motion to dismiss for failure to state a claim should, therefore, be denied and respondents should be directed to submit an answer. The *Abramovich* case does not require a contrary result, for the only issue decided therein was whether a tenured teacher may, as part of a stipulation in settlement of a disciplinary proceeding brought against him, waive his right to the protection offered by Education Law § 3020-a.

---

* These allegations are directed at the substantive merits of respondents' determination that petitioner's attendance was unsatisfactory, as distinguished from a claim of procedural infirmity based upon the denial of the contractual and statutory protections, which petitioner waived in the settlement agreement.