■ In the Matter of JAMES B. SHANNON, Appellant, v STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents.—Levine, J. Appeal from a judgment of the Supreme Court (Cholakis, J.), entered April 24, 1986 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Correctional Services terminating his employment.

Petitioner, a correction officer employed by respondent Department of Correctional Services (hereinafter the Department), was served with three notices of discipline over a seven-month period which alleged his violation of employee rules contained in the Department's employees' manual, to wit, that petitioner (1) slapped a co-worker and threw her against a wall, resulting in his arrest for harassment; (2) reported to work while under the influence of alcohol, unfit to perform his duties; and (3) had been excessively tardy and absent from work.

The Department sought to terminate petitioner's employment based upon each of the above infractions and petitioner in turn filed grievances pursuant to the parties' collective bargaining agreement. The collective bargaining agreement provided for a grievance procedure, exclusive of Civil Service Law §§ 75 and 76, whereby an employee could object to a proposed disciplinary sanction through a series of hearings culminating in binding arbitration, or enter into a settlement of the grievance at any point during such proceedings. Peti-

tioner and the Department entered into such a settlement, in full satisfaction of the disciplinary notices, whereby petitioner retained his position, was fined $350 and 10 days' accrued annual leave, and was to serve a one-year disciplinary evaluation period. During the disciplinary evaluation period, petitioner was subject to termination without further appeal if he engaged in misconduct the same as or similar to that alleged in the notices of discipline. A footnote to the phrase "disciplinary evaluation period" stated that petitioner could be terminated without further appeal if the Department determined that his employment was unsatisfactory.

Subsequently, some six months later, petitioner was arrested while off duty and charged with driving while intoxicated and while his license was revoked. The Department notified petitioner that his failure to report the arrest to his supervisor and the arrest itself constituted violations of the settlement agreement, and that his employment was terminated. Petitioner then commenced the instant CPLR article 78 proceeding seeking, *inter alia,* reinstatement with back pay. On respondents' motion, Supreme Court dismissed the petition, holding that (1) the disciplinary settlement agreement had rendered petitioner a probationary employee terminable at any time without charges or a hearing, unless the termination was in bad faith, and (2) petitioner had not submitted any evidence to support an allegation of bad faith. This appeal by petitioner ensued. For the reasons which follow, we affirm.

Initially, we note that the disciplinary settlement agreement at issue here constituted a valid enforceable contract *(see, Matter of Miller v New York State Dept. of Correctional Servs.,* 126 AD2d 831, *affd* 69 NY2d 970; *Matter of Abramovich v Board of Educ.,* 62 AD2d 252, *affd* 46 NY2d 450, *cert denied* 444 US 845).* Pursuant to its terms, petitioner was allowed to resume his duties without the risk that the Department would seek his termination based upon the prior notices of discipline and, in return, petitioner became subject to nonreviewable termination in the event he engaged in misconduct the same as or similar to that alleged in the notices of discipline. By virtue of the footnote to the phrase "disciplinary evaluation period" in the agreement, relating to termination for unsatisfactory service, petitioner was put on notice that the Department would broadly construe the term "same or similar misconduct".

We are persuaded that petitioner's arrest for driving while intoxicated fell within the foregoing provisions of the settle-

ment agreement. The prior notices of discipline alleged violations of employee rules which provided, *inter alia,* that:

"2.1 * * * No employee, whether on or off duty, shall comport himself as to reflect discredit upon the Department or its personnel.

"2.2 * * * An employee shall not knowingly or willingly violate any law or ordinance of the United States or the State of New York or any rule, regulation, or directive of the Department. Any conduct constituting disorderly conduct or a misdemeanor or a felony may be the basis for disciplinary action whether or not prosecution or a conviction results."

The arrest for driving while intoxicated was clearly a violation of the foregoing rules and, in that respect, was the same type of misconduct as alleged in the prior notices of discipline. Moreover, it was also factually similar to the prior infraction which resulted in an arrest, albeit for harassment, and the infraction based upon intoxication. Accordingly, the arrest for driving while intoxicated afforded a sufficient basis under the terms of the settlement agreement to authorize the Department's termination of petitioner's employment. Thus, we need not reach the issue of whether, as found by Supreme Court, petitioner was in fact rendered a probationary employee by the terms of the settlement agreement, or whether, as petitioner asserts, he did notify his supervisor of his arrest.

We are also persuaded that, as found by Supreme Court, petitioner did not submit any evidence to support an allegation of bad faith on the Department's part in terminating his employment. Petitioner did not contest the factual basis for his arrest for driving while intoxicated, and that arrest provided a basis for the termination and a concomitant absence of bad faith.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ. concur.