◼ In the Matter of the Arbitration between STATE OF NEW YORK (STATE UNIVERSITY OF NEW YORK, COLLEGE AT BUFFALO), Respondent, and UNITED UNIVERSITY PROFESSIONS, Appellant. —Casey, J. Appeal from a judgment of the Supreme Court (Prior, Jr., J.), entered June 23, 1988 in Albany County, which granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Respondent contends that Supreme Court erred in vacating the arbitrator's award since it was not "completely irrational". An award may be vacated, however, where an arbitrator exceeded his power (CPLR 7511 [b] [1] [iii]). The mere possibility that the award exceeded the arbitrator's power is not sufficient; it must be shown that the award exceeded a specifically enumerated limitation on his power *(Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308). We agree with Supreme Court that such a showing has been made here.

Herta L. Kane, an assistant professor at the State University of New York, College at Buffalo, pursuant to term appointment to expire August 31, 1986 and a member of the bargaining unit represented by respondent, applied for tenure or continuing appointment in March 1985. When the vice-president for Academic Affairs declined to recommend tenure in June 1985, Kane filed her grievance pursuant to the terms

of the relevant collective bargaining agreement (hereinafter agreement) and, at step one of the grievance procedure, the college granted Kane an additional review. As a result of this review, Kane was granted tenure or continuing appointment effective September 1, 1986. Nevertheless, Kane continued her grievance which culminated in the following issues being submitted to an arbitrator:

"1. Is the grievance arbitrable?

"2. Did the State of New York through its agent the State University College at Buffalo violate Articles 6, 30, 31, 32, and 33 of the Agreement and the procedural steps of Articles XI and XII of the Policies of the Board of Trustees when it evaluated [Kane] for continuing appointment effective September 1, 1986, and failed to promote her? If so, what shall be the remedy?"

The arbitrator concluded that petitioner had violated the agreement by making Kane's continuing appointment effective September 1, 1986 and, as a remedy, directed that the appointment be effective September 1, 1985. In all other respects, the grievance was denied. Petitioner then commenced this application to vacate or modify the award on the ground that the arbitrator exceeded his authority by, among other things, considering an issue not submitted to him. Supreme Court agreed that the arbitrator exceeded his authority and, therefore, vacated the award.

The agreement contains specific limitations on the arbitrator's powers. In particular, it provides: "The arbitrator shall not have the authority to grant a continuing or permanent appointment. Under Article XI of the Policies [of the Board of Trustees] continuing or permanent appointment may be granted only by the State University Chancellor." By making the effective date of Kane's continuing appointment one year earlier than that fixed by the Chancellor, it is clear that the arbitrator has, in effect, made a continuing appointment in violation of the specific limitation on his powers quoted above.

The agreement also provides: "Where provisions of this Agreement or the procedural steps of the Policies * * * call for the exercise of judgment, the arbitrator shall not substitute his/her judgment for that of the official making such judgment * * *." Although the arbitrator found that the agreement was violated, the agreement itself contains no provision concerning the effective date of a continuing appointment. The Policies of the Board of Trustees require that further employment as an assistant professor under certain

circumstances must be on the basis of a continuing appointment "provided, however, such appointment shall not be effective until made so by the chancellor" (8 NYCRR 335.4 [b]). By altering the effective date of Kane's continuing appointment, the arbitrator has interfered in a matter designated as a judgmental decision to be made by the Chancellor, thereby violating an express limitation on the arbitrator's powers.

Further support for our conclusion can be found in the definition of a grievance contained in the agreement, which provides that: "with respect to matters involving appointment, evaluation and promotion of employees a grievance shall be deemed to mean a claimed failure by the State to follow the procedural steps relating to appointment, evaluation and promotion of employees contained in the Policies of Board of Trustees in Article XI, Title A, § 1; Article XI, Title D, § 5; Article XII, Title A, § 3; Article XII, Title B, § 1; and Article XII, Title C, § 3 and § 4." The provision concerning the effective date of a continuing appointment is contained in article XI, title B, of the Policies of the Board of Trustees and, therefore, is clearly not a procedural step subject to review by the arbitrator. Since the precise issue submitted for arbitration was whether petitioner violated the procedural steps of articles XI and XII of the Policies, and since the issue concerning the effective date of a continuing appointment is not a procedural step within the meaning of the agreement, the arbitrator determined an issue outside the scope of the submission in violation of a specific limitation in the agreement which confines the arbitrator to the precise issue submitted for arbitration. Consequently, Supreme Court's judgment vacating the arbitrator's award should be affirmed.

Judgment affirmed, with costs. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.