■ In the Matter of MARY A. WILSON, Appellant, v NORWOOD E. JACKSON, as Commissioner of the Westchester County Department of Correction, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Norwood E. Jackson dated September 2, 1987, which terminated the petitioner's service as a correction officer, the petitioner appeals (1) from a judgment of the Supreme Court, Westchester County (West, J.), entered March 1, 1989, which dismissed the proceeding and her cause of action to recover damages pursuant to 42 USC § 1983, and (2), as limited by her brief, from so much of an order of the same court, entered May 10, 1989, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the judgment entered March 1, 1989, is dismissed, as that judgment was superseded by the order entered May 10, 1989, made upon reargument; and it is further,

Ordered that the order entered May 10, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

Pursuant to Civil Service Law § 75, the respondent Norwood E. Jackson, Commissioner of the Westchester County Department of Correction, served the petitioner, a correction officer, with 125 specifications of misconduct and/or incompetence, all relating to the petitioner's unexcused absences and latenesses. Subsequently, the petitioner, who was represented by counsel, executed a stipulation of settlement whereby she was allowed to remain in her position, provided that she complied with the terms of the stipulation. The stipulation, which was signed by the petitioner and her attorney, also provided that the petitioner agreed to waive her right to a hearing under the Civil Service Law with regard to violations of the provisions of the stipulation. The petitioner also executed a general release releasing the respondents from all causes of actions relating to the original charges and subsequent events related to those charges. Thereafter, the Commissioner discharged the petitioner for having violated a provision of the stipulation prohibiting her from taking any leave of absences after a request for leave had been denied.

We reject the petitioner's contentions that she was entitled to a hearing to evaluate her various claims. Provided the waiver is freely, knowingly, and openly arrived at, without taint of coercion or duress, a party may, by stipulation, waive her right to the procedural due process to which she is otherwise entitled under New York State Civil Service Law (see, Matter of Abramovich v Board of Educ., 46 NY2d 450; Matter of Shannon v State of N. Y. Dept. of Correctional Servs., 131 AD2d 915; Matter of Miller v New York State Dept. of Correctional Servs., 126 AD2d 831, affd 69 NY2d 970), and any cause of action pursuant to 42 USC § 1983 (see, Jones v Taber, 648 F2d 1201). Thus, under the circumstances of this case, we conclude that the petitioner knowingly and intelligently waived her procedural rights. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.