■ In the Matter of the Arbitration between STATE OF NEW YORK (DEPARTMENT OF CORRECTIONAL SERVICES), Appellant, and COUNCIL 82, AFSCME, on Behalf of KINGSLEY GENAS, Respondent.—Levine, J. Appeal from an order and judgment of the Supreme Court (McDermott, J.), entered June 20, 1990 in Albany County, which, *inter alia,* granted respondent's cross application pursuant to CPLR 7511 to confirm an arbitration award.

Kingsley Genas was employed by petitioner as a correction officer at Downstate Correctional Facility in Dutchess County. Genas' schedule required him to work from 3:00 P.M. until 11:00 P.M. for four consecutive days on a rotating basis, followed by two days off. After roughly 18 months of employment, Genas determined that he was unable to continue working his assigned shift on Friday evenings because, as a member of the Seventh Day Adventist Church, he was required to observe the Sabbath weekly by refraining from work from sunset on Friday until sunset on Saturday. After Genas informed his supervisors of his decision, various unsuccessful efforts were made to resolve the matter.

Subsequently, Genas refused to work on three consecutive Fridays in February 1989. On February 25, 1989, Genas was served with a notice of discipline and was suspended without pay, effective that day. Genas then filed a grievance and the parties proceeded to arbitration pursuant to their collective bargaining agreement. Following a hearing, the arbitrator

found Genas guilty of insubordination, but declined to impose the proposed penalty of dismissal and ordered that he be reinstated with back pay. In addition to resolving the disciplinary matter, the arbitrator also directed that, in the future, Genas be allowed to take unpaid leave on those days when he is unable to work because of his religious observance, provided that he reimburse petitioner for any expense incurred as a result. This determination was not based on any interpretation of the parties' contract, but rather on the arbitrator's reading of certain Federal case law in the area of constitutional protection of employees' rights with regard to religious observance.

Petitioner then made application in Supreme Court to vacate or modify the arbitrator's opinion and award on the ground that it exceeded the arbitrator's authority under the collective bargaining agreement. Respondent, acting on Genas' behalf, cross-petitioned to confirm the award. Supreme Court dismissed the petition and granted the cross petition. This appeal ensued.

It is firmly established that an arbitrator has broad discretion to determine a dispute and fix a remedy, and that any contractual limitation on that discretion must be "contained, either explicitly or incorporated by reference, in the arbitration clause itself" *(Matter of Board of Educ. v Dover-Wingdale Teachers' Assn.,* 61 NY2d 913, 915; *see, Matter of Silverman [Benmor Coats],* 61 NY2d 299, 307). In this case, it is undisputed by the parties that the sole provision of the collective bargaining agreement controlling the matter herein is article 8.2 (i), which provides as follows: "Disciplinary arbitrators shall confine themselves to determinations of guilt or innocence and the appropriateness of proposed penalties. Disciplinary arbitrators shall neither add to, subtract from nor modify the provisions of this Agreement. The disciplinary arbitrator's decision with respect to guilt or innocence, penalty, or probable cause for suspension, pursuant to Section 8.4 of this Article, shall be final and binding upon the parties, and the disciplinary arbitrator may approve, disapprove or take any other appropriate action warranted under the circumstances, including, but not limited to, ordering reinstatement and back pay for all or part of the period of suspension. If the disciplinary arbitrator, upon review, finds probable cause for the suspension, he may consider such suspension in determining the penalty to be imposed."

Clearly, under the foregoing provision, the parties to the contract agreed to limit the discretion of disciplinary arbitra-

tors by directing that they be "confine[d] * * * to determinations of guilt or innocence and the appropriateness of proposed penalties", and that they "neither add to, subtract from nor modify the provisions of [the] [a]greement". Thus, the determination of the arbitrator in this case ordering reinstatement with back pay and declining to impose the penalty of dismissal, despite his finding of guilt, was within his authority and is beyond our review. However, in going beyond the disposition of the disciplinary matter before him and, in effect, conferring upon Genas a prospective right to take unpaid personal leave time for religious observance, the arbitrator violated the specific limitation of the contract expressly restricting him to "determinations of guilt or innocence and the appropriateness of proposed penalties" *(see, Matter of State of New York [State Univ.—United Univ. Professions],* 150 AD2d 877, 879, *lv denied* 74 NY2d 612) and essentially excised that provision from the agreement.

We reject respondent's contention that the award was consistent with the arbitrator's power under the second clause of the third sentence of article 8.2 (i) to "take any other appropriate action warranted under the circumstances". This clause is modified by and clearly refers to the arbitrator's powers as set forth in the first clause of the same sentence with respect to determining "guilt or innocence, penalty, or probable cause for suspension". Therefore, despite the judicial deference generally given to an arbitrator's award *(see, Matter of Town of Callicoon [Civil Serv. Employees Assn.],* 70 NY2d 907, 909; *Matter of Board of Educ. v Dover-Wingdale Teachers' Assn., supra; Matter of Silverman [Benmor Coats], supra,* at 308), the award should be modified in this case so as to delete the excessive relief.

Casey, J. P., Weiss, Mikoll and Yesawich Jr., JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as confirmed that portion of the arbitration award directing petitioner to allow Kingsley Genas to take unpaid leave for purposes of religious observance; said provision vacated, and, as so modified, affirmed.