■ In the Matter of Arbitration between DEBORAH SUSSWEIN, Appellant, and NATIONWIDE INSURANCE COMPANY, Respondent. [611 NYS2d 960] —White, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Wood, J.), entered March 3, 1992 in Westchester County, which partially granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

In September 1989, petitioner was injured in an automobile accident in the City of New Rochelle, Westchester County, while operating a vehicle owned by her mother, Carol Susswein, and insured by respondent. Said policy carried bodily injury limits of $100,000 per person and $300,000 per accident and also contained the New York Automobile Accident Indemnification standard uninsured motorist endorsement with mandatory minimum uninsured limits of $10,000/$20,000. In addition, it appears that the policy also included a supplementary underinsured motorist endorsement. The driver of the vehicle was insured by Allstate Insurance Company which policy contained minimum liability limits of $10,000 per person, $20,000 per accident and $5,000 in bodily injury coverage.

Petitioner served respondent with a demand for arbitration of underinsured motorist coverage in January 1991. Just prior to the arbitration hearing, the parties entered into a stipulation, approved by the arbitrator, limiting the role of the arbitrator to decide issues of liability and amount of damages. The stipulation specifically states that the issue of dollar coverage "shall be later resolved by the parties in a court of competent jurisdiction, regardless of the amount of damages awarded". In a decision of May 1991, the arbitrator directed respondent to pay petitioner $67,500 and petitioner moved to confirm this award. This motion was denied by Supreme Court

which held that, because the stipulation limited the arbitrator's power and the award contained language directing payment by respondent, the award was imperfectly executed and thus not final or definite within the provisions of CPLR 7511 (b) (1) (iii). Supreme Court also noted that the parties should undertake an appropriate legal proceeding for a determination from the court as to the amount, if any, of underinsurance available to petitioner, and remitted the matter to the arbitrator for clarification.

On December 14, 1991, the arbitrator clarified the initial award, finding that respondent was liable to petitioner and that petitioner sustained damages in the amount of $77,500. Petitioner moved to confirm the arbitrator's award and for judgment against respondent. Respondent opposed the motion to the extent that petitioner sought to confirm an award in excess of $10,000 and to have a judgment entered against it. Supreme Court confirmed the arbitrator's award only to the extent that the arbitrator found respondent liable and found total damages of $77,500. Based on the parties' stipulation, however, Supreme Court refused to enter judgment against respondent inasmuch as the issue of the amount of underinsured motorist protection available to petitioner would have to be determined by the court. It is from this order that petitioner appeals.

We affirm. It is well settled that the right to arbitration may be modified, waived or abandoned and the scope of the arbitrator's determination can be explicitly limited (see, Sherrill v Grayco Bldrs., 64 NY2d 261; Matter of State of New York [Department of Correctional Servs.] [Council 82, AFSCME], 176 AD2d 1009, lv denied 79 NY2d 756; Matter of State of New York [State Univ., Coll. at Buffalo] [United Univ. Professions], 150 AD2d 877, lv denied 74 NY2d 612). Further, the parties may, to a large extent, chart their own procedural course through the courts and by the stipulation entered into between themselves make the law for this legal proceeding, not only binding themselves but also the court to enforce it (Morretta v Dyson, 173 AD2d 257).

Having agreed to a stipulation specifically limiting the function of the arbitrator to determine liability and the amount of damages, and reserving the issue of dollar coverage to a court of competent jurisdiction at a later date, we find that petitioner unequivocally waived the right to have the arbitrator determine the amount of coverage available under the policy. Thus, Supreme Court did not err in refusing to enter a judgment against respondent.

Cardona, P. J., Mercure, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.