■ In the Matter of TINA RAMOS, Appellant, v PHILIP COOMBE, JR., as Commissioner of the State of New York Department of Correctional Services, et al., Respondents. [654 NYS2d 454] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered January 25, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pur-

suant to CPLR article 78, to review a determination of respondents terminating petitioner's employment as a correction officer.

Petitioner, a correction officer, was charged with misconduct and informed that she would be dismissed from her position as a result of an incident that occurred on August 8, 1994, while she was escorting an ambulance transporting a prison inmate. That matter was settled in November 1994, with petitioner agreeing to pay a $1,000 fine and to be subjected to a 12-month disciplinary evaluation. Of particular relevance to this appeal is that the settlement agreement provided that petitioner could still be terminated if her service was unsatisfactory during the evaluation period.

In January 1995, petitioner filed a complaint with the State Division of Human Rights alleging that she had been the victim of several incidents of sexual harassment, including one that purportedly occurred on August 8, 1994, the very same day as the events giving rise to the disciplinary action. The proceedings generated by those charges are, insofar as this Court is aware, still ongoing.

In April 1995, petitioner was terminated from her position, assertedly because on March 24, 1995 she was observed carrying her weapon in a hospital examination area, where weapons are prohibited due to the risk posed by inmates who have been released from their restraints to be examined. Following her dismissal, petitioner commenced this proceeding, claiming that she had been terminated in bad faith and in retaliation for her sexual harassment complaint. Supreme Court dismissed the petition, prompting this appeal.

Petitioner has the burden of establishing that her termination was made in bad faith (see, Kroboth v Sexton, 160 AD2d 126, 130). Here, the uncontroverted record evidence establishes that there were signs in the examination area proclaiming "no weapons beyond this point" and "all armed officers wait outside the waiting room". Petitioner admits that she was aware of the signs, and that on the day in question she entered the restricted area, at least briefly, while carrying her gun. Moreover, contemporaneous reports made by other correction officers and prison inmates recount that petitioner entered the examination area a number of times that day, remained there for extended periods and failed to take appropriate precautions to insure the security of her weapon in the presence of unrestrained inmates.

Inasmuch as the applicable rules and regulations of the Department of Correctional Services require officers on medi-

cal transport to abide by hospital rules, and petitioner was still within the 12-month disciplinary evaluation period, her failure to comply with proper procedures constituted a violation of the settlement agreement, justifying her termination. As for petitioner's allegation of bad faith and her assertion that the stated reason for her discharge was a pretext, neither finds support in the record; to the contrary, the only conclusion that may be drawn therefrom is that her performance was, indeed, unsatisfactory, and thus that her discharge was made in good faith (see, Matter of Johnson v Katz, 116 AD2d 930, 931, affd 68 NY2d 649; see also, Matter of Berry v Perales, 195 AD2d 926, 930, appeal dismissed 82 NY2d 802). For the same reasons her termination cannot be said to have been arbitrary or capricious (see, Matter of Johnson v Katz, supra).

Insofar as petitioner's complaint under the Human Rights Law remains pending, her allegations in this respect are not properly before this Court (see, Executive Law § 297 [9]). Petitioner's remaining arguments have been considered and found unpersuasive.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.