■ In the Matter of JAMES McGOUGH, Appellant, v STATE OF NEW YORK et al., Respondents. [664 NYS2d 630] —Mercure, J. Appeal from a judgment of the Supreme Court (Donohue, J.), entered March 25, 1997 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion for summary judgment dismissing the petition.

Petitioner, a correction sergeant at Wende Correctional Facility in Erie County, was served with a disciplinary notice in October 1994 charging him with misconduct demonstrating his unfitness to serve as a supervisor. Subsequently, petitioner entered into a disciplinary settlement agreement providing, *inter alia*, that he was to serve a one-year disciplinary evaluation period, during which "[a]ny similar misconduct" by petitioner as indicated in the notice of discipline would result in his immediate demotion and, further, that petitioner could "be demoted without further appeal if the Department determines that the employee's service is unsatisfactory during the Disciplinary Evaluation Period".

During the disciplinary evaluation period, petitioner received two formal counseling memoranda. As a result, petitioner was demoted to correction officer on the last day of his disciplinary evaluation period. Petitioner commenced an action against respondents challenging his demotion. Supreme Court converted the action to a CPLR article 78 proceeding and granted respondents' motion for summary judgment dismissing the proceeding. This appeal ensued.

Given the explicit terms of the settlement agreement, petitioner waived his right, absent bad faith, to judicial review

of the decision demoting him (*see, Matter of Miller v New York State Dept. of Correctional Servs.*, 126 AD2d 831, *affd* 69 NY2d 970). In any event, the settlement agreement specifically provided that petitioner could be demoted without further appeal if the Department determined that his performance during the disciplinary evaluation period was unsatisfactory. We therefore reject petitioner's contention that he could only be demoted upon misconduct similar to that charged in the notice of discipline (*see, Matter of Shannon v State of N. Y. Dept. of Correctional Servs.*, 131 AD2d 915, *lv denied* 70 NY2d 607). Furthermore, our review of the record reveals no bad faith in demoting petitioner given the formal counseling memoranda noting unsatisfactory performance of his duties during the one-year disciplinary evaluation period (*see, Matter of Johnson v Katz*, 68 NY2d 649, 650; *Matter of Ramos v Coombe*, 237 AD2d 713, 714-715, *lv dismissed* 89 NY2d 981).

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.