■ In the Matter of the Arbitration between ALBANY COUNTY SHERIFF'S LOCAL 3973, DISTRICT COUNCIL 82, AFSCME, AFL-CIO, on Behalf of CHRIS CURRY, Appellant, and ALBANY COUNTY et al., Respondents. [666 NYS2d 303] —Spain, J. Appeal from a judgment of the Supreme Court (Graffeo, J.), entered March 17, 1997 in Albany County, which dismissed petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

The facts in this matter are not in dispute. At all times relevant herein Chris Curry was employed by respondents as a Deputy Sheriff. On September 15, 1993, Curry was involved in an automobile accident while on duty; subsequently, he received a letter of discipline and the loss of two vacation days. Curry timely filed a grievance. Dissatisfied with the grievance process, petitioner filed a demand for arbitration on Curry's behalf pursuant to the collective bargaining agreement. A hearing was scheduled for June 7, 1994; however, a week before the hearing a representative of petitioner requested a postponement. The request was granted; notably, a future hearing date was not set at that time. On or about July 12, 1996, a representative of petitioner requested a new hearing date for the arbitration and a hearing was eventually held on September 17, 1996. Thereafter, the arbitrator issued an award dismissing the grievance because he determined that the two-year lapse between the original hearing date and the time when petitioner requested a new hearing date "[was] beyond any reasonable norm" and constituted the "death of the grievance". As a result, petitioner commenced this proceeding seeking to vacate the award alleging that the arbitrator exceeded his authority by dismissing the grievance; respondents filed a notice of objection and a motion to dismiss. Supreme Court determined that the arbitrator did not alter or act in contradiction to any enumerated provisions of the agreement and dismissed the petition. Petitioner now appeals.

We affirm. Initially, we reject petitioner's contention that the arbitrator exceeded his authority under the collective bargaining agreement. CPLR 7511 (b) (1) (iii) permits an award to be vacated if the court finds that an arbitrator "exceeded his [or her] power". For an arbitrator to exceed his or her authority a

showing must be made that a specific limitation on that power enumerated in the arbitration clause itself has been violated (*see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307; *see also, Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 155; *Matter of State of New York [State Univ.] [United Univ. Professions]*, 150 AD2d 877, *lv denied* 74 NY2d 612). The mere possibility that an arbitrator may have exceeded his or her authority is not sufficient to vacate an award (*see, Matter of Silverman [Benmor Coats], supra*, at 308).

Moreover, where an arbitrator has been given authority to interpret disputes with respect to an agreement, the determination will only be disturbed if it is "completely irrational" (*Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 383), " 'or where the document expressly limits or is construed to limit the powers of the arbitrators, hence, narrowing the scope of arbitration' " (*Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582, quoting *Lentine v Fundaro*, 29 NY2d 382, 385). Here, the agreement did not specifically enumerate a limitation on the arbitrator's authority with regard to the timeliness of postfiling procedures. In our view, the agreement was broad in scope and lacked any specific prohibition against the arbitrator's determination; therefore, we conclude that the timeliness of postfiling procedures fell within the purview of the arbitrator.

Petitioner's remaining arguments, including its claim that Supreme Court applied an incorrect standard of review, have been considered and are found to be unpersuasive.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.