■ In the Matter of RANDALL DAVIS, Appellant, v NEW YORK STATE DIVISION OF MILITARY AND NAVAL AFFAIRS et al., Respondents. [738 NYS2d 719] —Carpinello, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered January 25, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent State Division of Military and Naval Affairs terminating petitioner from his employment.

Following a December 17, 1999 notice of discipline charging petitioner with violating his employer's Internet policy by visiting inappropriate websites (including pornographic websites) and misusing a State-owned computer for personal use, the matter was settled pursuant to a January 19, 2000 settlement agreement. As relevant here, the settlement agreement placed petitioner on probation for one year and included provisions prohibiting him from misuse of State-owned computer equipment for personal reasons and misuse of State-owned computer equipment by placing personal information on disks or other storage medium owned by the State. The settlement expressly held that "[s]hould [petitioner] violate any of the terms of the probation, it will be cause of automatic dismissal."

Shortly after his return to work following an agreed-upon suspension, petitioner used his initials to create a file folder entitled "Rd" and stored various information, including personal information, in that folder. He created this folder after work hours and placed it in a location on his work computer that was considered to be unusual for this type of file, thus leading his superiors to conclude that he was attempting to disguise it. Of note, petitioner does not dispute that he created this file or that he moved nonwork-related website addresses into it. In this CPLR article 78 proceeding, petitioner seeks reinstatement, contending that his termination was arbitrary, capricious and made in bad faith.

We have little to add to the thorough and well-reasoned decision of Supreme Court dismissing the petition. Petitioner voluntarily entered into the settlement agreement which placed

him in the status of a probationary employee subject to automatic termination if he violated any of its provisions (*see, Montiel v Kiley,* 147 AD2d 402). Given the stringent standard of review this Court is obliged to apply in termination cases of probationary employees—"a probationary employee * * * ha[s] no right to challenge the termination by way of a hearing or otherwise, absent a showing that he was dismissed in bad faith or for an improper or impermissible reason" (*Matter of Swinton v Safir,* 93 NY2d 758, 763; *see, Matter of Miller v New York State Dept. of Correctional Servs.,* 126 AD2d 831, 831-832, *affd* 69 NY2d 970; *Matter of Macklin v Powell,* 107 AD2d 964; *Matter of Lentlie v Egan,* 94 AD2d 839, 840, *affd* 61 NY2d 874)—we cannot agree with petitioner's contention that his termination was arbitrary or capricious. In short, contrary to petitioner's contentions, there is adequate record support establishing that he in fact violated the settlement agreement thus affording a legally sufficient basis to terminate his employment (*see, e.g., Matter of McGough v State of New York,* 243 AD2d 983, *lv denied* 91 NY2d 807; *Matter of Wolfe v Jurczynski,* 241 AD2d 88; *Matter of Shannon v State of New York Dept. of Correctional Servs.,* 131 AD2d 915, *lv denied* 70 NY2d 607). Nor did he meet his burden of establishing that his termination was retaliatory in nature and thus in bad faith (*see, Matter of Ramos v Coombe,* 237 AD2d 713, 714, *lv dismissed* 89 NY2d 981; *Matter of Shannon v State of New York Dept. of Correctional Servs., supra; Matter of Miller v New York State Dept. of Correctional Servs., supra*).

We have considered petitioner's remaining contentions and find them to be unpersuasive.

Mercure, J.P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.