In the Matter of the Arbitration between VON ROLL ISOLA USA, INC., Respondent, and INTERNATIONAL UNION OF ELECTRONIC, ELECTRICAL, SALARIED, MACHINE, AND FURNITURE WORKERS, AFL-CIO, LOCAL 301, Appellant. [758 NYS2d 698] —Lahtinen, J. Appeal from an order of the Supreme Court (Kramer, J.), entered June 10, 2002 in Schenectady County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

In January 1995, petitioner's corporate predecessor, Insulating Materials, Inc. (hereinafter IMI), terminated the employment of David Stringham, a member of respondent labor union. The termination was withdrawn when IMI, Stringham and respondent executed a last chance agreement, which provided in relevant part: "Any future violations of IMI's Code of Conduct, regardless of the gravity of the offense, will result in immediate dismissal without any right to grieve the action on Mr. Stringham's part." In October 2001, petitioner terminated Stringham for purportedly not following safety rules and leaving work early without approval. Respondent filed a demand for arbitration on behalf of Stringham under the collective bargaining agreement (hereinafter CBA). Petitioner then commenced this proceeding pursuant to CPLR 7503 (b) seeking to stay the arbitration arguing, among other things, that Stringham had waived any right to arbitration in the last chance agreement. Supreme Court granted the petition. Respondent appeals.

We reverse. The primary flaw with petitioner's position is that the last chance agreement does not address in any fashion the issue of who determines whether a violation of the code of conduct has occurred. "[W]hen a settlement agreement bars arbitration of the penalty for violating it, yet fails to specify who is to determine whether a violation has occurred, we decline to infer that the parties intended to exclude this threshold question from arbitration" (*United Steelworkers of Am., AFL-CIO-CLC v Lukens Steel Co., Div. of Lukens, Inc.*, 969 F2d 1468, 1478 [1992]; *see Smith v ITT Standard*, 834 F Supp 612, 618 [1993]). Clearly, the issue of the penalty to be imposed has

been foreclosed from the arbitrator's consideration by the express words of the last chance agreement. Moreover, all that is necessary for petitioner to terminate Stringham is a finding that *any* violation of the code of conduct has occurred. Who makes the determination that a violation has occurred is, however, not answered by the last chance agreement. The parties certainly could have agreed to have that determination decided in a fashion different than provided in the CBA (*cf. Matter of Wolfe v Jurczynski*, 241 AD2d 88, 90-91 [1998] [issue of whether police lieutenant complied with agreement explicitly left "to the satisfaction of * * * the Chief of Police"]). However, in the absence of a person or procedure designated to make the threshold determination as to whether a violation has occurred, such issue cannot be simply ignored and the employer move immediately to termination (*cf. Stewart v United States Postal Serv.*, 926 F2d 1146, 1148-1149 [1991]).

Nor are we persuaded by petitioner's argument that the CBA, read in conjunction with the last chance agreement, precludes arbitration of the issue of whether any violation of the code of conduct has occurred. "In the field of labor relations, controversies between the parties to a collective bargaining agreement fall within the scope of a broad arbitration clause contained in the agreement unless the parties have used language that clearly manifests an intent to exclude a particular subject matter from arbitration" (*Matter of County of Albany [AFSCME, Council 82]*, 114 AD2d 732, 733 [1985]; *see Matter of Amalgamated Tr. Union [Capital Dist. Tr. Sys.]*, 300 AD2d 809 [2002]). Arbitration provisions pertaining to employee discipline contained in a CBA can be supplemented or superceded by specific language in a last chance agreement (*see generally International Union of Operating Engrs., Local 351 v Cooper Natural Resources, Inc.*, 163 F3d 916, 919 [1999], *cert denied* 528 US 812 [1999]).

Here, the CBA provides, regarding a disciplinary matter, for an initial grievance procedure and, if that procedure is unsuccessful, the matter then moves to arbitration. Petitioner argues, and Supreme Court held, that a grievance is a condition precedent to arbitration under the CBA and, since the last chance agreement relinquished "any right to grieve the action," any resort to arbitration was, therefore, precluded. However, as previously discussed, the last chance agreement addresses only the potential penalty for a violation and is silent on the issue of determining whether a violation has occurred. It thus follows that the waiver in the last chance agreement to "any right to grieve the action" must be read as pertaining only to

the penalty, which was the sole issue addressed in the agreement. Accordingly, arbitration is still available on the narrow issue—not addressed in the last chance agreement—of whether Stringham did, in fact, violate any provision of the code of conduct.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.