■ In the Matter of the Arbitration between MONICA A. CAMPBELL et al., Respondents, and STATE OF NEW YORK et al., Appellants. [830 NYS2d 806]—

Rose, J. Appeal from an order of the Supreme Court (McNamara, J.), entered March 8, 2006 in Albany County, which, inter alia, granted petitioner's application pursuant to CPLR 7503 to compel arbitration between the parties.

To resolve disciplinary charges pending against petitioner Monica A. Campbell, she and her employer, respondent New York State Office of Mental Health (hereinafter OMH), entered into a disciplinary settlement agreement with Campbell's collective bargaining representative, petitioner New York State Correctional Officers and Police Benevolent Association (hereinafter COPBA). The agreement set a one-year disciplinary evaluation period (hereinafter DEP) and provided: "Should Ms. Campbell commit any actions or omissions during this DEP which rise to the level of misconduct and/or incompetence she will be terminated from [s]tate service without recourse to Article 8 [of the collective bargaining agreement]." Article 8 prescribes a disciplinary procedure culminating in arbitration. As the result of two subsequent incidents, OMH determined that Campbell had committed misconduct and terminated her employment. COPBA appealed the termination and demanded arbitration. OMH responded that it was not required to submit to arbitration because of the terms of the disciplinary agreement. Petitioners then commenced this CPLR 7503 proceeding to compel arbitration. Alternatively, petitioners sought an order pursuant to CPLR article 78 annulling Campbell's termination as an arbitrary, capricious and bad faith action of OMH. Respondents filed a cross application to stay arbitration. Supreme Court found that the disciplinary agreement did not exclude arbitration of whether Campbell was guilty of misconduct, and ordered arbitration. Respondents now appeal.

It is well settled that a right to arbitration, like contract rights generally, may be waived or abandoned (see *Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272 [1985]; *Matter of Susswein [Nationwide Ins. Co.]*, 204 AD2d 849, 850 [1994]). The issue here is whether "the parties have used language that clearly manifests an intent to exclude a particular subject matter from arbitration" (*Matter of County of Albany [AFSCME, Council 82]*, 114 AD2d 732, 733 [1985]; *see Matter of Long Is. Lbr. Co. [Martin]*,

15 NY2d 380, 385 [1965]; *see also Matter of State of New York [Dept. of Correctional Servs.] [Council 82, AFSCME]*, 176 AD2d 1009, 1010-1011 [1991], *lv denied* 79 NY2d 756 [1992]).

As argued by respondents and reflected in the record, this disciplinary agreement was initially drafted to make Campbell a probationary employee for one year. It is undisputed that, at the request of petitioners' counsel, the agreement was amended to instead provide a DEP and this substitution of terminology was only meant to avoid impairment of Campbell's seniority and layoff rights. Respondents' affidavits opposing the petition and paragraph 9 of the petition itself confirm that the parties understood that the DEP would be a probationary period. The only relevant significance of such a period here is to confer on OMH the right to make the threshold determination of whether Campbell had committed misconduct without specification of the charges and without a hearing (*see* 4 NYCRR 4.5 [j]; *Matter of Davis v New York State Div. of Military & Nav. Affairs*, 291 AD2d 778, 779 [2002]; *Montiel v Kiley*, 147 AD2d 402, 404 [1989]). This clear meaning and understanding of the parties is in complete harmony with the meaning and use of DEPs in similar reported cases (*see Matter of Miller v Coughlin*, 59 NY2d 490, 493 [1983]; *Matter of McGough v State of New York*, 243 AD2d 983, 983-984 [1997], *lv denied* 91 NY2d 807 [1998]; *Matter of Shannon v State of N.Y. Dept. of Correctional Servs.*, 131 AD2d 915, 916 [1987], *lv denied* 70 NY2d 607 [1987]; *Matter of Miller v New York State Dept. of Correctional Servs.*, 126 AD2d 831, 831 [1987], *affd* 69 NY2d 970 [1987]). Inasmuch as the last chance agreement in *Matter of Von Roll Isola USA (International Union of Elec., Elec., Salaried, Mach., & Furniture Workers, AFL-CIO, Local 301)* (304 AD2d 934 [2003]) did not provide for a DEP, it does not require a contrary result.

Thus, we find that the parties designated who would determine whether there was subsequent misconduct and petitioners' sole remedy is judicial review of OMH's action under CPLR article 78 (*see* CPLR 7803 [3]). Inasmuch as Supreme Court did not address petitioners' request for such relief, the matter is remitted for that purpose.

Mercure, J.P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, petitioner's application denied, respondent's cross application granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.