█ In the Matter of the Arbitration between MONTICELLO RACEWAY MANAGEMENT, INC., Respondent, and MONTICELLO HARNESS HORSEMEN'S ASSOCIATION, INC., Appellant. [844 NYS2d 498]—

Cardona, P.J. Appeal from an order of the Supreme Court (Sackett, J.), entered December 13, 2006 in Sullivan County, which, among other things, granted petitioner's application pursuant to CPLR 7511 to modify an arbitration award.

Petitioner operates Monticello Raceway, a harness racetrack located in the Village of Monticello, Sullivan County. Respondent represents the horsemen who compete at the Raceway. Unable to negotiate a contract between themselves, the parties submitted the terms of a prospective contract to arbitration by the New York State Racing and Wagering Board (hereinafter Board). The arbitration submission agreement provided that "[t]he arbitration would not include issues that are the subject of litigation between the parties." As relevant here, at the time the agreement was executed, litigation pertaining to the "Purse Account" at the Raceway was pending between the parties; specifically, the dispute centered around which of the parties would be responsible for the purse account and for setting the purses to be paid at the Raceway.

Despite the existence of the purse account litigation, respondent submitted to the Board a list of issues for arbitration which included matters pertaining to control and funding of the purse account and payment of purses. Supreme Court granted petitioner's subsequent request to stay arbitration of the purse account issues and, in accordance with that decision, the parties did not submit arguments to the Board on those issues. Nonetheless, the arbitration award ultimately issued by the Board

provided: "While the lawsuit between the parties herein dealing with the Purse Account is pending, or such other period as may be agreed between the parties, Purse Account funds received on or after the date of this award shall be deposited in an escrow account within 3 business days of receipt, with [petitioner] acting as a fiduciary, and applied in a manner consistent with this award. Undistributed Purse Account funds received before the date of this award shall be deposited by February 15, 2007."

Petitioner moved pursuant to CPLR 7511 (c) to modify the arbitration award on the ground that the Board exceeded its jurisdiction by awarding upon a matter not submitted to it. Respondent cross-moved for an order confirming the award and directing judgment to be entered thereon with interest from the date of the award. Supreme Court modified the award by striking the purse account provision quoted above, but found that petitioner's voluntary compliance with the award rendered confirmation unnecessary. The court also denied respondent's request for interest, reasoning that while the award contained formulae to divide the revenues between the parties, it did not award a sum of money upon which interest could be recovered. Respondent now appeals.

It is well settled that a substantive issue may be excluded from arbitration by the terms of an arbitration agreement (see Matter of Silverman [Benmor Coats], 61 NY2d 299, 307-308 [1984]; Matter of State of New York [United Univ. Professions], 150 AD2d 877, 878-879 [1989], lv denied 74 NY2d 612 [1989]). Here, the arbitration agreement excluded issues that were the subject of litigation between the parties. Because the arbitration award purported to determine issues of control of the purse account and allocation of the funds therein—both of which were subjects of the purse account litigation—Supreme Court correctly held that the Board exceeded its authority and the court properly modified the award by deleting the purse account escrow provision (see CPLR 7511 [c] [2]).*

Supreme Court also correctly denied respondent's request for interest since the Board did not award a monetary sum (see CPLR 5001 et seq.), but rather, in arbitrating the terms of the contract between the parties, merely provided the formulae to be used in apportioning revenue between them. Accordingly, inasmuch as CPLR 7511 (e) requires confirmation of an arbitration award upon judicial modification, we now confirm the award as modified.

---

* Although Supreme Court (Ledina, J.) has issued a ruling in the purse account litigation, the matter has been appealed. Therefore, this issue is not moot.

The parties' remaining contentions have been considered and found to be without merit.

Mercure, Crew III, Carpinello and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of respondent's cross motion seeking confirmation of the award; grant cross motion to that extent; and, as so modified, affirmed.