■ In the Matter of DAVID MELE, Respondent, v NEW YORK STATE OFFICE OF GENERAL SERVICES, Appellant. [849 NYS2d 95]—

Crew III, J. Appeal from a judgment of the Supreme Court (Stein, J.), entered October 18, 2006 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondent to hold a hearing to determine, among other things, whether petitioner was absent from his employment without authorized leave.

Petitioner began his employment with respondent as a parking services attendant in October 2000. Although initially rising through the ranks, petitioner was demoted to the position of senior parking attendant in January 2005 due to poor work attendance. Thereafter, in March 2005, petitioner was served with a notice of discipline seeking his dismissal from service and charging him with time and attendance abuse. Specifically, the

notice alleged that petitioner was absent without authorized leave (hereinafter AWOL) on 23 separate occasions during February and March 2005. Upon petitioner's submission of certain medical records documenting his incapacitation on the relevant dates, the charges were withdrawn. Shortly thereafter, however, petitioner again was AWOL, prompting respondent to issue a second notice of discipline in April 2005. Ultimately, the parties entered into a settlement agreement in May 2005, which provided, among other things, that petitioner "[would] have a penalty of termination held in abeyance for one year for any AWOL[s] that occur during the one year period" that commenced upon the execution of the agreement, i.e., May 5, 2005. The settlement agreement further provided that petitioner, his union and respondent's representatives would meet prior to the implementation of the penalty held in abeyance. Moreover, the agreement noted that "deferred penalties are equated to probation periods" and that by signing the agreement, petitioner was forfeiting his rights to appeal and/or arbitrate the termination decision under articles 33 and 34 of the underlying collective bargaining agreement.

Petitioner was AWOL again in September 2005, prompting respondent's Director of Human Resources Management, Daniel Cunningham, to advise petitioner that he was in violation of the settlement agreement and, hence, was terminated from his position. Petitioner's union then filed a grievance on his behalf and, in November 2005, petitioner and his union representatives met with Cunningham to discuss the grievance. During the course of this meeting, petitioner purportedly acknowledged that he entered into the settlement agreement freely and understood that by his execution thereof, he was waiving his rights to appeal and/or arbitrate under the terms of the collective bargaining agreement. In January 2006, Cunningham denied the grievance, finding that by entering into the settlement agreement, petitioner forfeited his right to appeal and/or arbitrate the termination decision.

Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 contending, among other things, that because the settlement agreement failed to identify who would determine whether he was AWOL, he was entitled to arbitrate that issue. Supreme Court, relying upon this Court's prior decision in *Matter of Von Roll Isola USA* (*International Union of Elec., Elec., Salaried, Mach., & Furniture Workers, AFL-CIO, Local 301*) (304 AD2d 934 [2003]), agreed, partially granted the petition and ordered a hearing to determine whether petitioner was AWOL and whether the settlement agreement was violated. This appeal by respondent ensued.

Shortly after entry of the judgment from which this appeal is taken, this Court decided *Matter of Campbell* (*State of New York*) (37 AD3d 993 [2007]), wherein the offending employee executed a disciplinary settlement agreement that imposed a one-year "disciplinary evaluation period," which the parties, in turn, understood to be the equivalent of a probationary period. The agreement in *Campbell* provided that any acts or omissions rising to the level of misconduct or incompetence committed during the course of the disciplinary evaluation period would result in termination without recourse to the provisions of the relevant collective bargaining agreement (*id.* at 994). Upon her termination from state service, the employee moved to compel arbitration pursuant to CPLR 7503 contending, among other things, that she was entitled to arbitrate the issue of whether she was guilty of misconduct. In reversing Supreme Court's decision to grant her application, this Court held that the imposition of the probationary period conferred upon the employer "the right to make the threshold determination of whether [the employee] had committed misconduct without specification of the charges and without a hearing" (*id.* at 995).

Here, as noted previously, the settlement agreement executed by petitioner plainly provided that any deferred penalty was equated to a probationary period. The agreement further provided that by executing same, petitioner was forfeiting his right to appeal and/or arbitrate. Although the language governing the probationary period and the forfeiture of petitioner's rights under the collective bargaining agreement indeed is "boilerplate," it appears directly above petitioner's signature and is essentially indistinguishable from the language at issue in *Campbell*. Accordingly, we conclude that respondent was free to make the determination of whether petitioner was AWOL without the need for a specification of charges and/or a hearing. Inasmuch as Supreme Court did not address the issue of whether respondent's termination of petitioner was arbitrary and capricious, we remit this matter to Supreme Court for that purpose.

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as ordered respondent to conduct a hearing; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.