■ In the Matter of JAMES SCHMITT, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [850 NYS2d 270]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Sackett, J.), entered June 27, 2006 in Albany County, which (1) dismissed that part of petitioner's application pursuant to CPLR article 78 to review a determination of respondent terminating petitioner's employment, and (2) denied that part of petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

In December 2003, petitioner was served with a notice of discipline dismissing him from his employment as a correction officer at the Washington Correctional Facility in Washington County due to excessive absenteeism, including 17 occasions when he was allegedly absent without leave (hereinafter AWOL). In January 2004, a settlement of the notice of discipline was reached whereby petitioner signed a last chance agreement which provided, among other things, that he would serve a 12-month disciplinary evaluation period (hereinafter DEP). The last chance agreement indicated that, during the DEP, respondent reserved the right to reinstate the original penalty of dismissal without further appeal should petitioner engage in conduct similar to that alleged in the notice of discipline.

Subsequently, on June 5, 2004, petitioner telephoned the facility advising that he would not be at work because his wife was ill and he was taking family sick time.* However, the following day petitioner was arrested and taken into custody by the City of Glens Falls Police Department. Concluding that petitioner's arrest meant that he could not be taking care of his wife that day, nor could he report to work, respondent's Bureau of Labor Relations deemed petitioner to be AWOL on June 6, 2004. Thereafter, respondent determined that petitioner, during

---

* Apparently the facility's family sick time policy provided that an employee taking family sick leave would be considered to be out of work pursuant to that leave until he or she called in again to notify the facility of the return date.

the DEP, violated the terms of his last chance agreement by engaging in the same or similar conduct as set forth in the notice of discipline and terminated his employment. Petitioner filed a contract grievance pursuant to his collective bargaining agreement, seeking reinstatement. An arbitration hearing was held, after which the arbitrator found that the grievance was arbitrable but that petitioner's termination, in accordance with the last chance agreement, did not violate the parties' collective bargaining agreement.

Petitioner commenced this combined proceeding pursuant to CPLR articles 75 and 78, seeking to vacate the arbitrator's award as well as respondent's underlying determination to terminate his employment pursuant to the last chance agreement. Supreme Court dismissed the petition in its entirety, prompting this appeal.

Initially, we note that, while Supreme Court acknowledged that resolving issues relating to the parties' collective bargaining is an appropriate matter for arbitration, the court held that petitioner, by entering into the last chance agreement, waived arbitration of issues relating to his dismissal (*see Matter of Campbell [State of New York]*, 37 AD3d 993, 994-995 [2007]; *Matter of Miller v New York State Dept. of Correctional Servs.*, 126 AD2d 831, 831 [1987], *affd* 69 NY2d 970 [1987]). Accordingly, respondent's objection to arbitration should have been sustained at the outset.

Regarding petitioner's CPLR article 78 claims, we note that Supreme Court dismissed that portion of the petition as defective because it was signed only by a person lacking personal knowledge, namely petitioner's counsel (*see* CPLR 7804 [d]). In any event, by signing the last chance agreement, petitioner also waived his right to judicial review of respondent's decision, absent bad faith (*see Matter of McGough v State of New York*, 243 AD2d 983, 983-984 [1997], *lv denied* 91 NY2d 807 [1998]). Here, record evidence supporting respondent's conclusion that petitioner violated the last chance agreement by being AWOL on June 6, 2004 establishes that the decision to terminate respondent was made in good faith (*see Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]; *Matter of Davis v New York State Div. of Military & Nav. Affairs*, 291 AD2d 778, 778-779 [2002]; *Matter of Ramos v Coombe*, 237 AD2d 713, 714 [1997], *lv dismissed* 89 NY2d 981 [1997]).

The parties' remaining arguments, including petitioner's challenges to the effectiveness of his counsel (*see Matter of Alexander v State Bd. for Professional Med. Conduct*, 287 AD2d 918, 919 [2001]; *Matter of Post v State of N.Y. Dept. of Health*, 245

AD2d 985, 986 [1997]), have been examined and found to be unpersuasive.

Spain, Carpinello, Kane and Malone, JJ., concur. Ordered that the judgment is affirmed, without costs.