# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**502**

**CA 12-01967**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE ARBITRATION BETWEEN
BOARD OF EDUCATION OF THOUSAND ISLANDS
CENTRAL SCHOOL DISTRICT,
PETITIONER-RESPONDENT,

AND                                             MEMORANDUM AND ORDER

THOUSAND ISLANDS EDUCATION ASSOCIATION,
RESPONDENT-APPELLANT,
AND AMERICAN ARBITRATION ASSOCIATION,
RESPONDENT.

---

RICHARD E. CASAGRANDE, LATHAM (PAUL D. CLAYTON OF COUNSEL), FOR RESPONDENT-APPELLANT.

O'HARA, O'CONNELL & CIOTOLI, FAYETTEVILLE (STEPHEN CIOTOLI OF COUNSEL), FOR PETITIONER-RESPONDENT.

-------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered August 30, 2011 in a proceeding pursuant to CPLR article 75. The order granted the petition and permanently stayed the arbitration demanded by respondent-appellant.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner, Board of Education of Thousand Islands Central School District (TICSD), commenced this proceeding pursuant to CPLR article 75 seeking a permanent stay of arbitration. Contrary to the contention of respondent Thousand Islands Education Association (TIEA), Supreme Court properly granted the petition. In September 2006, Lonnie Shippe was hired as a probationary teacher at TICSD. At the end of the three-year probationary period, Shippe was notified that he would not be recommended for tenure by the Superintendent. In lieu of termination, on April 1, 2009, TICSD, Shippe and TIEA entered into a *Juul* agreement, which extended the probationary period for one year (*see Matter of Juul v Board of Educ. of Hempstead School Dist. No.1, Hempstead*, 76 AD2d 837, 838, *affd for reasons stated* 55 NY2d 648, 649). At the expiration of that agreement, the parties entered into a second *Juul* agreement that extended Shippe's probationary period for a fifth year and, as relevant herein, TIEA in exchange "waive[d] any right it may have to pursue a grievance under the collective bargaining agreement [CBA] between the TIEA and the Superintendent relative to the deferral of the Superintendent's tenure

recommendation, [or] the termination of [Shippe's] employment."  Near the end of his fifth probationary year, Shippe was informed by the Superintendent that he would not be recommended for tenure and that his appointment as a probationary teacher with TICSD would end on a specified date.  TIEA filed a grievance on behalf of Shippe contesting his termination under various provisions of the CBA, and the grievance was denied by TICSD.  TIEA then served a demand for arbitration, whereupon TICSD brought this proceeding seeking a permanent stay of the arbitration.  The court, agreeing with TICSD that a valid agreement to arbitrate this particular dispute no longer existed, granted the petition.  We affirm.

Here, there is no dispute that the arbitration claim with respect to the subject matter at issue is authorized under the Taylor Law (Civil Service Law art 14) (*see Matter of Board of Educ. of Watertown City Sch. Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 137-138).  Thus, in accordance with the applicable two-step inquiry (*see id.*), it must next be determined whether "such authority was in fact exercised and whether the parties did agree by the terms of their particular arbitration clause to refer their differences in this specific area to arbitration" (*Matter of Acting Supt. of Schs. of Liverpool Cent. Sch. Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 513).  It is undisputed that, absent the *Juul* agreement, Shippe's termination would be subject to the grievance and arbitration procedures contained in the CBA.  However, contrary to TIEA's contention, we conclude that the *Juul* agreement clearly manifested an intent to exclude the subject matter of Shippe's termination, including the just cause, teacher improvement and code of ethics grounds advanced by TIEA, from the provisions of the CBA relating to grievances and arbitration (*see Matter of Campbell [State of New York]*, 37 AD3d 993, 994-995; *see generally Matter of Marshall v Pittsford Cent. Sch. Dist.*, 100 AD3d 1498, 1500, *lv denied* 20 NY3d 859).

Entered:  May 3, 2013                          Frances E. Cafarell
                                               Clerk of the Court